**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph John RUSSO, Defendant-Appellant.**

**No. 83–5122.**

United States Court of Appeals, Eleventh Circuit.

Aug. 27, 1984.

Richard G. Chosid, Fort Lauderdale, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Linda Collins Hertz, Nancy L. Worthington, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HENDERSON and CLARK, Circuit Judges, and ATKINS *, District Judge.

PER CURIAM:

Joseph Russo appeals his conviction in the United States District Court for the Southern District of Florida on several drug offenses involving methaqualone. 21 U.S.C. §§ 841(a)(1), 846. In this court, he asserts that the district court abused its discretion by dismissing an earlier indictment without prejudice, thereby authorizing his reprosecution and subsequent conviction. Agreeing with Russo's contention that the district court abused its discretion, we reverse.

This case has a fairly detailed procedural history, much of which is relevant to our disposition of the present appeal.[1] On December 2, 1980, three defendants, Donald DeLongchamps, Harvey Mick and the appellant herein, Joseph Russo, were indicted for several drug-related charges. Arraignment followed on December 8, 1980. On December 31, 1980, thirty-two motions were filed on behalf of the various defendants. The magistrate assigned to the case disposed of all but one of the motions on January 23, 1981. The remaining motion for a hearing pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), cert. *denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979) was referred to the court and "carried with the trial."

On June 22, 1981, defense counsel filed a motion for a continuance which was accompanied by the defendants' speedy trial waivers. The court denied the continuance

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. An even more complete history appears in the previous opinion from this court in *United States v. DeLongchamps*, 679 F.2d 217 (11th Cir.1982).

and trial began on July 8, 1981. Russo and DeLongchamps both were convicted [2] and then appealed claiming a violation of the Speedy Trial Act (Act). 18 U.S.C. §§ 3161–3174.

Before a panel of this court, the government took the position that by carrying of the motion for a *James* hearing until the trial, it remained under advisement by the court and thereby tolled the time constraints of the statute so that trial had commenced well within the seventy-day, statutory time period. The *DeLongchamps* court disagreed with this contention, however, pointing to the clear language of § 3161(h)(1)(J) which limits the maximum excludable time allowable for any matter taken under advisement by the court to thirty days. The court then found that the total excludable time in that case was thirty days. Because trial took place long after seventy includable days had passed, the court concluded that the delay clearly violated the Act and remanded the case to the district court to determine whether the dismissal should be with or without prejudice. *See United States v. DeLongchamps*, 679 F.2d 217 (11th Cir.1982).

On remand, the district court initially concluded without a hearing, that the indictment should be dismissed with prejudice. After the government filed a petition for reconsideration,[3] the court conducted an evidentiary hearing at which time it reversed its original decision and granted a dismissal without prejudice. After the dismissal, the government reindicted and retried both defendants, again securing multiple convictions. On this second appeal, Russo[4] claims that the district court erred in dismissing the indictment without prejudice.

The language of the Act makes clear that both sanctions of dismissal with and without prejudice are available to remedy a violation of the Act. *See* 18 U.S.C. § 3162. The federal courts are split, however, as to whether there is a preference for either remedy. *Compare United States v. Angelini*, 553 F.Supp. 367 (D.Mass.), *aff'd on other grounds*, 678 F.2d 380 (1st Cir.1982) (a presumption of dismissal with prejudice exists) *with United States v. Caparella*, 716 F.2d 976 (2d Cir.1983) (there is no presumption that dismissal be with prejudice) *and United States v. McLemore*, 447 F.Supp. 1229 (D.Mich.1978) (dismissal without prejudice the preferred remedy). Although there is no clear precedent in this circuit on whether either dismissal sanction should be given preference, after an examination of the statute and the opinions of the other courts that have confronted this issue, we find persuasive the analysis of the Second Circuit Court of Appeals' in *United States v. Caparella*, 716 F.2d 976 (2d Cir.1983).

The *Caparella* court correctly noted that "[a]bsent a clear indication of legislative intent to the contrary, the statutory language controls ...." *Id.* at 978 (*quoting Ford Motor Credit Co. v. Cenance*, 452 U.S. 155, 158 n. 3, 101 S.Ct. 2239, 2241 n. 3, 68 L.Ed.2d 744, 749 n. 3 (1981)). The language of the statute specifies the availability of both remedies. Therefore, without more, it is evident that neither dismissal sanction has priority. The *Caparella* court closely examined the legislative history of the statute and uncovered no evidence of a congressional intent to alter the statute's apparent facial meaning.[5] Accordingly, the court found that Congress did not intend to favor either result. We

---

**2.** The third defendant, Harvey Mick, was killed prior to the trial.

**3.** On appeal, Russo challenged the propriety of the district court's reconsideration on various frivolous grounds, one being the wholly inapplicable "Law of the Case" doctrine. We note that, despite our ultimate conclusion that the result reached by the district court was erroneous, it acted well within its discretion in reconsidering the issue.

**4.** Although DeLongchamps originally was a party to this second appeal, he died shortly before oral argument.

**5.** The *Caparella* decision contains an exhaustive and worthwhile discussion of the legislative history of this portion of the Speedy Trial Act. Therefore, we need not repeat it here. *See Caparella*, 716 F.2d at 978–81.

agree with this finding and conclude that in this circuit as well, neither remedy is preferred; the proper dismissal sanction to be imposed in each case is a matter left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute.

The Act sets out three factors to be considered in determining which of the two forms of dismissal sanction should take precedence: (1) the seriousness of the offense; (2) the facts and circumstances which led to the dismissal, and (3) the impact of reprosecution on administration of the Act and justice in general. *See* 18 U.S.C. § 3162. A step-by-step analysis of each factor is necessary.

First, all parties agree that the offense is serious. Where the crime charged is serious, the court should dismiss only for a correspondingly severe delay. *See United States v. Carreon,* 626 F.2d 528 (7th Cir.1980). Although the exact number of days of inexcusable delay has been calculated in varying numbers, it is obvious that several months of includable time accumulated before the commencement of the trial. We express no opinion as to whether a delay of more than seventy days alone would warrant dismissal with prejudice. However, such an extensive postponement certainly militates toward that result.

Pretermitting the second factor momentarily, we turn to an evaluation of the impact of reprosecution on the Act and justice in general. The government urges that reprosecution would further the public's interest in justice in light of the serious nature of drug offenses and the public's interest in bringing such offenders to trial. Conversely, dismissal without prejudice can be viewed as frustrating the Act's mandate of swift prosecution since it would open the way to retrial after an even longer delay. Because these two competing interests fairly balance out, this factor cannot be said to weigh heavily on the side of dismissal with or without prejudice.

The near neutrality of the first and third factors requires a closer look at the facts and circumstances surrounding the delay. If the excess of includable time was justified, dismissal without prejudice is proper; otherwise, it is not.

At the outset, the government maintains that the original appellants suffered no prejudice from the delay since they were free on bond and permitted to travel. Additionally, it urges that its recalcitrance was neither intentional, nor designed to secure any tactical advantage. Even accepting this latter statement as true, as we believe it is, the mere lack of improper motive is not a sufficient excuse for the delay. Some affirmative justification must be demonstrated to warrant a dismissal without prejudice.

As affirmative justification for its delay, the government points out that, at the time of the original trial, the Act was relatively new and without extensive judicial interpretation. It claims that until this court's panel decision in the first *DeLongchamps* appeal, neither the government, appellants, nor the district court understood the full implications of the Act and as a result, all parties were unaware of any infringement.

Although a misunderstanding of statutory language may, at times, furnish good reason for noncompliance with a new law, in this situation it does not. The statute positively provides a maximum of thirty days of excludable time in which to dispose of motions. The words are not unduly vague and therefore all parties are bound to comply with their unequivocal mandate. The government's failure to do so in this case was either plain ignorance or, in its own words at argument, "simply negligence." Where the violation of the Act is slight and the other two factors militate in favor of reprosecution, mere negligence or inadvertence will not automatically call for dismissal with prejudice. *See, e.g., United States v. Hawthorne,* 705 F.2d 258 (7th Cir.1983) (no abuse of discretion to dismiss without prejudice where crime serious and unexcused delay minimal); *United States v. Carreon,* 626 F.2d 528 (7th Cir.1980) (only minimal portion of excessive one-year delay attributable to mere negligence). On

the facts of this case, however, where the violation is substantial, a negligent failure to comply with the Act will not suffice to justify retrial. Accordingly, the judgment of conviction of the remaining appellant, Russo, must be vacated and the indictment against him dismissed with prejudice.

As a final matter, we note that the appellant raised several other grounds of error in this appeal. Because of our disposition of the Speedy Trial issue, it will be unnecessary to address those contentions.

The judgment of the district court is REVERSED and the case is REMANDED for vacation of the conviction and dismissal of the indictment with prejudice.

ATKINS, District Judge, concurring in part and dissenting in part:

I concur with the majority that the Speedy Trial Act does not state a preference for either remedy and that the proper dismissal sanction to be imposed is left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute.

However, I respectfully dissent from the majority's holding that the dismissal of the indictment should have been "with prejudice". The District Court weighed the three factors required by the Act and reached the conclusion that the dismissal should be without prejudice. The standard of review is whether there was an abuse of discretion. I find no abuse and accordingly would affirm.