[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 11, 2002
THOMAS K. KAHN
CLERK

_____

No. 02-10320

_____

D. C. Docket No. 01-00058-CR-ORL-28

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(December 11, 2002)**

ON PETITION FOR REHEARING

Before BARKETT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

The petition for rehearing filed by appellee, United States of America, is

GRANTED. Accordingly, we VACATE our previous opinion published at 309 F.3d

762 and replace it with the following opinion.

PER CURIAM:

Defendant-Appellant David Williams appeals his conviction for several drug-related offenses, arguing that the district court erred in denying his motion to dismiss the indictment because the indictment was not filed within thirty days of his arrest as required by 18 U.S.C. § 3161(b) (the "Speedy Trial Act"). He also contests the district court's grant of his motion to proceed pro se, maintaining that he did not knowingly and voluntarily waive his constitutional right to counsel.

I.      BACKGROUND

On December 15, 2000, the government filed a criminal complaint against Williams and arrested him pursuant to a warrant. The complaint alleged that Williams had committed several drug-related offenses. On December 18, Williams made an initial appearance before a magistrate judge, who assigned Williams a court-appointed attorney to serve as temporary counsel for one day. During this initial appearance, the magistrate judge granted Williams's oral motion to continue the preliminary examination. The government, in turn, requested a three-day extension because the prosecutor was "involved with some other stuff." The magistrate judge scheduled the preliminary examination for December 21 and appointed Peter Kenny as Williams's counsel.

On December 21, the court heard limited testimony and then, due to the limited availability of the U.S. Marshals, continued the preliminary examination until the next day. On December 22, after hearing more testimony, the magistrate judge continued the hearing until December 28 because the courts were closing for the Christmas holiday. On December 28, the magistrate determined that the evidence was sufficient to establish probable cause that Williams had committed the offenses alleged in the complaint. In granting the continuances between each of the four proceedings, the magistrate judge made no explicit findings that the ends of justice served by granting these continuances outweighed the best interests of the public and the defendant in a speedy trial.

On January 4, 2001, Williams, through Kenny, filed a "Waiver of Speedy Trial." The document provided, "After consultation with his undersigned counsel, the Defendant, DAVID WILLIAMS, hereby voluntarily and knowingly waives his right to speedy trial under 18 U.S.C. § 3161, et seq., and the Sixth Amendment of the United States Constitution. This is a waiver of speedy trial for sixty (60) days." After consultation, Williams authorized Kenny to sign and file the waiver, but Williams himself never signed the document.

On March 13, 2001, Williams moved for Kenny to withdraw and for the court to appoint new counsel. The magistrate judge granted the motion on March 16 and

appointed new counsel on March 20. Then, on April 5, Williams filed a pro se motion to dismiss his new attorney and also moved to dismiss the criminal complaint, contending that he had not been indicted within thirty days of his arrest as required by 18 U.S.C. § 3161.

While Williams's motion was still under advisement, the government filed its indictment on April 10, 2001. The indictment charged Williams with conspiracy to possess with intent to distribute fifty or more grams of cocaine base and five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 486; possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii); possession with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii); and possession of a firearm during and in relation to a drug-trafficking offense and in furtherance thereof, in violation of 18 U.S.C. § 924(c)(1)(A). On April 20, the magistrate judge determined that Williams's motion to dismiss the criminal complaint was moot because an indictment had already been returned against him.

The magistrate judge allowed Williams to proceed pro se, and with the help of standby counsel, Williams prepared for trial. In May, Williams filed two more motions to dismiss the indictment pursuant to the Speedy Trial Act, both of which

were denied.  The five-day trial lasted from June 5 to June 12, 2001, and the jury convicted Williams on all counts.

During post-trial proceedings, the district court analyzed whether the timing of the government's indictment violated the Speedy Trial Act.  It denied the motion to dismiss, reasoning that the indictment <u>had</u> been filed within thirty days of Williams's arrest.[1]  Alternatively, the court concluded that even if the indictment was not timely, the charges contained in the criminal complaint should be dismissed without prejudice because the drug and firearms offenses were "extremely serious," because the "one- or two-day delay" in filing the indictment was minimal, and because there was no prejudice to Williams because the delays were made at his request and for his benefit.

Williams argues that the district court erred in applying the Speedy Trial Act when calculating the number of days between his arrest and the filing of the indictment; he contends that the district court improperly excluded days that should have been included under 18 U.S.C. § 3161(h).  Further, Williams urges that the date of his initial appearance should not have been excluded because the plain language of 18 U.S.C. § 3161(h)(1) does not specifically exclude it.  He also argues that the

---

[1] In its speedy-indictment calculation, the district court excluded the following dates: December 15, 2000 (date of Williams's arrest); December 18 through December 28, 2000 (preliminary examination and continuances); January 4 through March 5, 2001 (Williams's sixty-day waiver of speedy trial); March 13 through March 20, 2001 (motion to appoint new counsel); and April 4 through April 10, 2001 (motion to dismiss complaint and the filing of the indictment). Under this calculation, the thirtieth day would have fallen on April 4, 2001.

district court improperly excluded the period during which his preliminary examination was continued because the continuances were granted to accommodate the government, the U.S. Marshal Service, and the DEA agents and because the magistrate did not find that the continuances served the "ends of justice." See 18 U.S.C. § 3161(h)(8)(A). In addition, Williams contends that the sixty-day period during which his attorney waived his right to speedy trial should not be excluded because there was no showing that the continuance served the ends of justice. Williams submits that the indictment should have been dismissed with prejudice.

## II.    STANDARD OF REVIEW

We review a claim under the Speedy Trial Act de novo and review a district court's factual determinations on excludable time for clear error. United States v. Miles, 290 F.3d 1341, 1348-49 (11th Cir. 2002).

## III.    ANALYSIS

Under the Speedy Trial Act, the government must indict a defendant within thirty days from the date on which the defendant was arrested or served with a summons. 18 U.S.C. § 3161(b). In calculating this thirty-day period, certain events, as specified in 18 U.S.C. § 3161(h), "toll" the speedy-indictment clock. First, delays

6

resulting from certain "proceedings concerning the defendant" are excludable. 18

U.S.C. § 3161(h)(1). These include any delay resulting from a pretrial motion, which

is calculated from the filing of the motion through the conclusion of the disposition

of the motion. 18 U.S.C. § 3161(h)(1)(F). Second, the thirty-day calculation does not

include

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A) (emphasis added); see also United States v. Godoy, 821

F.2d 1498, 1500 (11th Cir. 1987). Therefore, the clock is tolled for pretrial motions

and certain other proceedings concerning the defendant per 18 U.S.C. § 3161(h)(1)

and also for ends-of-justice continuances per 18 U.S.C. § 3161(h)(8)(A).

For there to be a valid ends-of-justice continuance, the court need not explicitly

enunciate its findings when it grants the continuance "so long as there is sufficient

evidence in the record indicating that it considered the factors identified in the statute

7

when it granted the continuance."[2]  United States v. Vasser, 916 F.2d 624, 627 (11th Cir. 1990).

If an indictment is not filed within the Act's time limit, the charges against the individual that were contained in the criminal complaint "shall be dismissed."  18 U.S.C. § 3162(a)(1); see also United States v. Derose, 74 F.3d 1177, 1183 (11th Cir. 1996) (explaining that when the indictment violates the Speedy Trial Act, a court generally should dismiss "only the charge[s] contained in the criminal complaint").  The court must then determine whether to dismiss the charges in the complaint with or without prejudice.  In making this decision, the court considers three statutory factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration

---

[2] A court must consider the following factors when deciding whether to grant an ends-of-justice continuance: (1) "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice"; (2) "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section"; (3) "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex"; and (4) "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (2), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B); see also United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984).

of the Act and on the administration of justice.  Id.; United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984).  "[W]here the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay."  Russo, 741 F.2d at 1267.  But at some point, "[t]he length of delay can sometimes be enough, by itself, to justify dismissal with prejudice."  Godoy, 821 F.2d at 1506 n.2.

*A. Violation of the Speedy Trial Act*

Applying these rules to the speedy-indictment calculation in the present case, December 16, 2000 was the first day on the speedy-indictment clock because a warrant of arrest and criminal complaint was filed against Williams on December 15, 2000.  Godoy, 821 F.2d at 1500.  Contrary to Williams's argument, December 18, 2000, the day of his initial appearance, was properly excluded pursuant to 18 U.S.C. § 3161(h)(1) because an initial appearance is a "proceeding[] concerning the defendant."  Godoy, 821 F.2d at 1500.

During the proceeding on December 18, the magistrate judge continued the preliminary examination until December 21 but failed to make an explicit ends-of-justice determination in granting the continuance.  Further, because there is not "sufficient evidence in the record indicating that [the magistrate] considered the factors identified in the statute when it granted the continuance," December 19 and December 20 were not excludable.  Vasser, 916 F.2d at 627.  The district court was

justified in excluding December 21 and 22, on which the magistrate actually heard testimony, because they were "proceedings concerning the defendant" pursuant to 18 U.S.C. § 3161(h)(1). But, as with the earlier continuance, the period from December 23 through December 27 was not excludable because the record does not contain "sufficient evidence" indicating that the continuance served the ends of justice. Still, the district court was justified to exclude December 28—the final day of the preliminary examination—as a "proceeding[] concerning the defendant." See 18 U.S.C. § 3161(h)(1). The clock resumed on December 29 and ran at least through January 3, which, according to our calculation, would have been the fifteenth day on the speedy-indictment clock.

The government contends, and the district court agreed, that Williams's sixty-day "Waiver of Speedy Trial" tolled the clock from January 4 through March 4, 2001, March 4 being the sixtieth day of the waiver. Williams argues that the waiver was not valid because the magistrate failed to make an ends-of-justice determination before allowing the sixty-day continuance. Because we do not need to pass on the waiver's legality to decide the outcome of this case, we decline to make a finding of invalidity;[3]

_____

[3] There are several reasons to question the waiver's validity. First, the waiver purports to be a "waiver of speedy trial for sixty (60) days." It does not specifically waive the right to speedy indictment. Because a defendant has rights both to speedy indictment and to speedy trial under the Act, waiving one right might not necessarily waive the other. Second, the Act itself does not explicitly provide for waivers of the right to speedy indictment. Section 3161(c) explicitly provides for the waiver of certain rights pertaining to the timing of the trial, but it does not provide for

10

we conclude that the government violated the speedy-indictment provision of the Act, regardless of whether the waiver was valid.

If the waiver was valid, then the speedy-indictment clock was tolled from January 4 though March 4 and then ran from March 5 through March 12. If the waiver was invalid, the clock continued to run, uninterrupted, from December 29 though March 12. Either way, the clock was tolled on March 13, the day that Williams filed the motion for his attorney to withdraw and for the court to appoint new counsel.[4] Because the magistrate judge resolved the motion upon appointing new counsel on March 20, the speedy-indictment clock resumed on March 21 and continued running through April 4. Williams's motion to dismiss the criminal

---

waiving rights that pertain to an indictment's timing. Instead, it might be argued that subsection (h) provides the exclusive means of tolling the clock with respect to an indictment or an information. The Tenth Circuit, the only circuit that has addressed this issue directly, held that a defendant does not have the unilateral authority to waive the speedy-indictment provisions of the Speedy Trial Act. United States v. Saltzman, 984 F.2d 1087 (10th Cir. 1993). The court reasoned that "[t]he right to a speedy indictment belongs to both the defendant and society. Therefore, provisions of the Speedy Trial Act cannot be waived by a defendant acting unilaterally because it would compromise the public interest in speedy justice." Id. at 1091 (citation omitted). For a defendant's waiver of speedy indictment to be valid, the court must find that the continuance would serve the "ends of justice." Id.

As stated, we decline to decide whether the sixty-day waiver was valid, because a determination on the issue is not necessary to the disposition of this appeal. The government violated the Speedy Trial Act regardless of whether the waiver was valid, and the charges in the complaint should have been dismissed without prejudice regardless of whether the government violated the Act by eight days or by sixty-eight days.

[4] If the waiver was valid, then March 12 would have been the twenty-third day on the speedy-indictment clock. If the waiver was ineffective, then March 12 would have been the eighty-third day.

complaint tolled the clock from April 5 until April 10, the day on which the government finally filed the indictment.

If the waiver was valid, then March 27 was the thirtieth day on the speedy-indictment clock, and the government would have violated the Act by eight days. If the waiver was not valid, then January 18 was the thirtieth day, and the government would have violated the Act by sixty-eight days. Either way, there is no doubt that the government violated the Act. Accordingly, the charges in the complaint should have been dismissed.

### B. Dismissal With or Without Prejudice

Having decided that the government violated the Act's speedy-indictment provision, the next inquiry is whether the district court should have dismissed the charges in the complaint with prejudice or without prejudice. We apply the statutory factors found in § 3162(a)(1).

### 1. Seriousness of the Offense

No one disputes that the charges against Williams were extremely serious. Williams was charged with several serious drug-related offenses, including conspiracy to possess with intent to distribute and possession with intent to distribute a substantial amount of cocaine—at least fifty grams of cocaine base and five kilograms of cocaine

12

hydrochloride. The fact that Williams possessed a handgun during the offenses significantly enhanced their seriousness.

2. *Facts and Circumstances Leading to the Dismissal*

In addressing the facts and circumstances leading to the speedy-indictment violation, we focus on "the culpability of the delay-producing conduct." United States v. Hastings, 847 F.2d 920, 925 (1st Cir. 1988). In its alternative holding, the district court found that any speedy-indictment violation was minimal and that Williams had contributed to and benefitted from the possible delay. Although, as discussed previously, it is possible that the delay was not merely minimal, the district court was correct to find that Williams benefitted from and contributed to the delay. For example, the continuances in December gave Williams more time to consult with his attorneys in preparing his defense, and it was Williams who, at least in one instance, asked that the preliminary examination be continued. Furthermore, Williams was complicit in effecting a waiver of questionable validity, a document that gave the government reason to believe that the clock was tolled while it negotiated a plea agreement. As such, there was some affirmative justification for the delay.

The record reveals that the delay in filing the indictment was not intentional, but mere negligence or inadvertence does not automatically call for dismissal without prejudice. Russo, 741 F.2d at 1267. "Because the filing of the indictment or

13

information lies entirely within the prosecutor's discretion, it is ultimately the obligation of the Government to ensure compliance with the Speedy Trial Act." United States v. Saltzman, 984 F.2d 1087, 1091 (10th Cir. 1993). Here, the government negotiated the waiver and should have known that it had defects, both in its language and in its legal efficacy. Furthermore, whether or not the sixty-day waiver was effective, and whether or not we had excluded every day between December 18 and December 28, the government still violated the speedy-indictment time limit. Finally, even if Williams somehow benefitted from the delay, the government's negligence caused harm to another constituency. One of the primary objectives of the Act is to protect society's interest in speedy disposition of criminal cases. This interest was not served.

3. *Impact of Reprosecution on the Administration of the Act and on the Administration of Justice*

In applying the third statutory factor, there is almost always "some tension between the administration of the Act and the administration of justice." Godoy, 821 F.2d at 1506. Indeed, "[d]efendants can always argue that the minimal sanction of dismissal without prejudice takes the teeth out of the Act's requirements. In response, the government can always argue that reprosecution furthers the public's interest in bringing criminals to trial." Id. Even though these two "standard" arguments neutralize each other, this third factor is not always neutral. Id. The third factor not

14

only allows courts to review the seriousness of the criminal charges and the reason for the delayed indictment but also "provides authority for considering such aggravating and mitigating factors as the length of the delay and the prejudice to the defendant." Id.

Here, Williams does not argue that he was prejudiced by the delay,[5] but in our calculation of excludable days, the government violated the Act by either eight days or sixty-eight days. If the government filed the indictment eight days late, then the violation of the Act was minimal and, without question, the charges in the complaint should have been dismissed without prejudice. If, however, the violation was one of sixty-eight days, then the violation was severe. At some point, "[t]he length of delay can sometimes be enough, by itself, to justify dismissal with prejudice." Godoy, 821 F.2d at 1506 n.2. Therefore, we must decide whether a speedy-indictment violation of sixty-eight days would have been enough, by itself, to require dismissal with prejudice.

We conclude that the sixty-eight-day violation of the Speedy Trial Act was not so substantial per se as to require dismissing the charges in the complaint with prejudice. Precedent from other circuits supports this result. The Eighth Circuit has

---

[5] Williams does, however, argue that he "was prejudiced in that he was erroneously placed in the position of having to go to trial pro se." Reply Br. Appellant at 14.

held that a fifty-nine day delay beyond the seventy-day speedy-trial time limit, though not insubstantial, is "not so substantial that dismissal with prejudice is mandated regardless of other circumstances." United States v. Koory, 20 F.3d 844, 848 (8th Cir. 1994). The Tenth Circuit has held that a speedy-indictment violation of almost six months is not enough, by itself, to compel dismissal with prejudice. Saltzman, 984 F.2d at 1087 (10th Cir. 1993). Finally, the Seventh Circuit has held that a three-month violation of the Act is not, by itself, so substantial as to require dismissal with prejudice. United States v. Arango, 879 F.2d 1501 (7th Cir. 1989). Therefore, under the worst-case scenario for this case—in which the waiver was not valid and there was a violation of sixty-eight days—the delay was similar to or less egregious than the Speedy Trial Act violations in other cases. Accordingly, even a sixty-eight-day violation of the Act would not be sufficient, by itself, to compel dismissing the charges contained in the complaint with prejudice.

Even so, we must balance the three statutory factors to decide whether or not the district court should have dismissed the charges in the complaint with prejudice. As stated, if the government violated the Act by only eight days, then the seriousness of the charges would clearly outweigh the severity of the speedy-indictment violation. If, on the other hand, the violation was one of sixty-eight days, the balancing test would produce a closer result. Nevertheless, dismissal without prejudice was the

16

appropriate remedy even if the government violated the Act by sixty-eight days. The federal drug charges against Williams were extremely serious. This factor weighs heavily in favor of dismissing the charges in the criminal complaint without prejudice. In fact, one district court has noted that "[i]t is rare to find a circuit court opinion upholding a dismissal with prejudice for violation of the Act in a federal drug prosecution." United States v. Nejdl, 773 F. Supp. 1288 (D. Neb. 1991). Also, as discussed above, there was some affirmative justification for the delay. The government believed that the clock had been tolled from December 18 though December 28 and had also relied on the defendant's sixty-day waiver. Furthermore, Williams contributed to and, in some instances, benefitted from the delay.

This court has instructed that "where the crime charged is serious, the court should dismiss [with prejudice] only for a correspondingly severe delay." Russo, 741 F.2d at 1267. In light of the charges against Williams, we hold that the severity of the delay—in terms of both its length and the culpability of the delay-producing conduct—was not sufficient to warrant dismissal with prejudice.

IV.   CONCLUSION

Because the indictment was not filed within thirty days of Williams's arrest under the calculation scheme of the Speedy Trial Act, we conclude that the district

court erred in refusing to dismiss the charges contained in the criminal complaint. Nevertheless, despite the delay in bringing the indictment, the district court should have dismissed the charges without prejudice. As such, Williams's argument regarding the motion to proceed pro se is moot.

We REVERSE the judgment of the district court and REMAND the case with instructions to vacate Williams's conviction for the charges contained in the original criminal complaint and to dismiss those charges without prejudice.