[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 4, 2008
THOMAS K. KAHN
CLERK

No. 07-13511
Non-Argument Calendar

_____

D. C. Docket No. 06-00031-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL L. CHAMBLISS,
ERIC P. THOMAS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(March 4, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

A Middle District of Georgia jury convicted Michael L. Chambliss and Eric

P. Thomas on two counts: Count One, robbery of a SunTrust Bank in the City of

Macon, in violation of 18 U.S.C. § 2113(a) and (d); Count Two, brandishing and

carrying a firearm during and in relation to the bank robbery offense, in violation

of 18 U.S.C. § 924(c)(1)(A).  The district court sentenced each of them to a prison

term of 57 months on Count One, and a consecutive prison term of 60 months on

Count Two.  They now appeal their convictions, contending that the evidence was

insufficient to convict.[1]  Thomas also appeals his Count One sentence.  We first

address the sufficiency of the evidence.

Appellants contend that the Government failed to establish that they were

the "Eric Thomas" and "Michael Chambliss" involved in the bank robbery.  In

deciding whether the Government met its burden of proving that appellants were

---

[1] Thomas appeals his convictions on the additional ground – that Fed. R. Crim. P. 29, as applied in his case, denied him equal protection of the laws.  At the close of the Government's case in chief, he moved for judgment of acquittal pursuant to Rule 29, and the court denied his motion.  He contends that Rule 29 denies a defendant standing in his shoes the equal protection of the laws  because it permits the district court, when faced with a motion for judgment of acquittal made at the close of the Government's case in chief, to reserve ruling on the motion, meaning that the defendant can put on a defense without having his evidence considered by the court when it  revisits the motion.  On the other hand, if the court denies the motion (instead of reserving ruling), and the defendant puts on a case (as he did), the court will consider his evidence in passing on his motion for judgment of acquittal made at the close of all the evidence.  Thomas does not contend that defendants, like him, whose motions are denied at the close of the Government's case in chief, are a suspect class for equal protection analysis, or that a fundamental right is involved (since the right to appeal is statutory, not constitutional), or that the rule does not bear a rational relation to a legitimate goal.  Even if we were to assume that his argument has merit, it is of no moment here, since we find that the Government's case in chief contained sufficient evidence to convict Thomas of the charged offenses.

the perpetrators of the robbery, and were carrying firearms at the time, "we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices drawn in the government's favor." United States v. Byrd, 403 F.3d 1278, 1288 (11th Cir. 2005). "'A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence.'" Id. (quoting United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999)).

The identity of a defendant can be established by inference and circumstantial evidence. United States v. Cooper, 733 F.2d 91, 92 (11th Cir. 1984). In United States v. Kleinschmidt, 596 F.2d 133, 135-36 (5th Cir. 1979), the court affirmed the sufficiency of evidence in a bank robbery case where the defendant's identity was established only by description, not name. On the other hand, in United States v. Darrell, 629 F.2d 1089, 1090-91 (5th Cir. 1989), the court, while acknowledging that circumstantial evidence could sufficiently establish identity, reversed a conviction where the evidence failed to yield an inference that the defendant seated in court was the individual named by the witnesses.

Here, the Government sufficiently proved that Chambliss was the "Michael Chambliss" involved in the robbery because the jury knew that a "Michael

3

Chambliss" was arrested on the day of the robbery in the presence of incriminating evidence and in a suspicious manner, and a man of the same name was now standing trial for the robbery. Further, after he was arrested, officers were able to match latent fingerprints found on items inside the stolen green Jeep with those of "the suspect in mind, Michael Chambliss," and the jury could reasonably infer that the suspect "Michael Chambliss" was the same Chambliss who was in court. Given the foregoing inferences, it was reasonable for the jury to infer that Chambliss was the same man referred to by the witnesses as "Michael Chambliss."

Similarly, the Government also established that Thomas was the "Eric Thomas" involved in the robbery, as the evidence established that he was with Chambliss the night of November 12, 2001, when they, along with their co-conspirators, planned the robbery, and his fingerprints were found on objects associated with the robbery.

In sum, we affirm appellant's convictions, and turn to Thomas's challenge to his Count One sentence.

Thomas argues that the district court incorrectly calculated the Guidelines sentence range, resulting in his receiving a sentence at the high-end of the range instead of a mid-range sentence that the court intended to impose (according to the transcript of the sentencing hearing). We review a district court's Guidelines

calculations de novo. United States v. DeVegter, 439 F.3d 1299, 1303 (11th Cir. 2006). Although the Guidelines are advisory, the district court must first determine the correct sentencing range. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005); see also Gall v. United States, __U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) (listing "failing to calculate (or improperly calculating) the Guidelines range" as a "significant" procedural error in sentencing). Misinterpreting the Guidelines effectively equates to failing to consult them properly. Crawford, 407 F.3d at 1179. An error in the district court's calculation of the Guidelines range requires that the sentence be vacated, unless the error is harmless. United States v. Scott, 441 F.3d 1322, 1329 (11th Cir. 2006). A sentencing error is harmless if "the court would have likely sentenced [the defendant] in the same way without the error." Id.

The district court failed properly to calculate Thomas's sentence range. Although the court stated that Thomas's juvenile convictions would not be counted against him, meaning that his criminal history category would be category I, it employed the sentence range called for by category II, 51 to 63 months' imprisonment. The court then selected a term in the middle of that range, a sentence that was the highest allowed by the sentence range if calculated with a category I criminal history.

We cannot say that the court's error was harmless. We therefore vacate Thomas's Count One sentence and remand the case for resentencing on that count.

AFFIRMED as to Chambliss; AFFIRMED as to Thomas, except for his sentence on Count One. That sentence is VACATED and the case is REMANDED for resentencing on Count One.