[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15016
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-90034-CV-HL-5,
06-00031-CR-HL-5

MICHAEL L. CHAMBLISS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 23, 2010)

Before TJOFLAT, BIRCH and FAY, Circuit Judges.

PER CURIAM:

On March 4, 2008, we affirmed petitioner's convictions for bank robbery

and for brandishing a firearm during the bank robbery.  United States v. Chambliss, 267 Fed.Appx. 870 (11th Cir. 2008).  On October 22, 2008, petitioner moved the district court to set aside his convictions pursuant to 28 U.S.C. § 2255.  The district court denied his motion.  He appealed, and we issued a certificate of appealability as to one issue:  "Whether [petitioner's trial attorney provided ineffective assistance of counsel by failing to move for a dismissal of the indictment, pursuant to 18 U.S.C. § 3162(a)(2)," the Speedy Trial Act.

The district court found that trial counsel did not provide ineffective assistance because no violation of the Speedy Trial Act occurred.  On appeal, petitioner contends that over 70 days of includable time elapsed between his arraignment and trial; therefore, his trial counsel was ineffective for failing to move to dismiss the indictment.  In response, the Government concedes that a Speedy Trial Act violation occurred, but contends that petitioner failed to establish either deficient performance or prejudice.

An ineffective-assistance-of-counsel claim presents a mixed question of law and fact that we review *de novo*. *Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010).  To succeed on an ineffective-assistance claim, a petitioner must show that (1) his counsel's performance was deficient, and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct.

2

2052, 2064, 80 L.Ed.2d 674 (1984). Under the deficient performance prong, the petitioner must show that his attorney's representation fell below an objective standard of reasonableness. *Id.* at 687-88. 104 S.Ct. at 2064. To establish prejudice, the petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Because the petitioner must satisfy both prongs of *Strickland* in order to prevail, we need not address the performance prong if he has not shown prejudice, and vice versa. *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir. 2000).

The Speedy Trial Act provides that a criminal defendant must be tried within 70 days of the filing of an indictment or an arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). "[F]or purposes of the Act, a jury trial 'commences' when the court begins the voir dire." *United States v. Gonzalez*, 671 F.2d 441, 443 (11th Cir. 1982). If a case involves multiple defendants, the 70-day period begins to run after the last codefendant is indicted or arraigned. *United States v. Schlei*, 122 F.3d 944, 985 (11th Cir. 1997). Certain events, including delays resulting from pretrial motions and continuances, constitute "excludable" time and toll the speedy trial clock. *See* 18 U.S.C. § 3161(h). A delay resulting from a continuance, however,

3

only tolls the clock if the district court makes findings that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). If the defendant is not brought to trial within the 70-day period, the defendant may move to dismiss the indictment, and the district court must grant that motion and dismiss the indictment. 18 U.S.C. § 3162(a)(2).

In determining whether the indictment should be dismissed with or without prejudice, the district court must consider: (1) the seriousness of the offense; (2) the facts and circumstances that led to the dismissal; (3) the impact of a reprosecution on the administration of justice. *Id.* "Where the crime charged is serious, the court should dismiss only for a correspondingly severe delay." *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984). Offenses involving the use of firearms are serious. *United States v. Williams*, 314 F.3d 552, 559 (11th Cir. 2002).

In considering the facts and circumstances that led to the dismissal, "we focus on the culpability of the delay-producing conduct." *Id.* (quotation omitted). With respect to the impact of re-prosecution on the administration of justice, we consider aggravating and mitigating factors such as the length of the delay and the prejudice suffered by the defendant. *Id.* at 560. We have indicated that a 68-day

4

violation of the Speedy Trial Act is not, in and of itself, so substantial as to mandate a dismissal with prejudice. *Id.*

Federal law establishes a five-year statute of limitations for noncapital crimes such as bank robbery and using a firearm during a crime of violence. *See* 18 U.S.C. § 3282(a). When an indictment is dismissed without prejudice after the limitations period has run, a new indictment may be returned within six months of the date of dismissal. 18 U.S.C. § 3288.

In this case, petitioner's trial did not commence within the 70-day period prescribed by the Speedy Trial Act. Therefore, the Government properly concedes that a violation of the Act occurred. We need not address whether petitioner's trial counsel provided constitutionally deficient performance by failing to move for dismissal of the indictment because we conclude that petitioner did not suffer prejudice. If counsel had moved to dismiss the indictment, the district court would have granted a dismissal without prejudice because of the serious nature of the charges and because the delay did not harm petitioner's ability to present a defense. After the district court dismissed the indictment without prejudice, the Government would have re-indicted him on the same charges. If the statute of limitations had run by the time that the indictment was dismissed, the government still would have had six months to obtain a new indictment. *See* 18 U.S.C. § 3288. Because the

5

outcome of the proceedings would not have been different had counsel moved to dismiss the indictment, petitioner has not shown prejudice. Accordingly, we affirm the district court's denial of his ineffective-assistance-of-counsel claim.

AFFIRMED.