[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11390
Non-Argument Calendar
_____

D.C. Docket Nos.  1:11-cv-00179-MEF-CSC
                  1:05-cr-00256-LSC-CSC-1

GREGORY SHIVER,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(July 27, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Gregory Shiver, a federal prisoner, appeals from the district court's denial of

his 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence.  A

certificate of appealability ("COA") was granted on the following issue:  "whether

Shiver received ineffective assistance of counsel when counsel failed to move to dismiss the charge against him before the start of trial based on a violation of the Speedy Trial Act." In rejecting Shiver's ineffectiveness claim, the district court reasoned that Shiver had failed to show he was prejudiced by counsel's failure to move for dismissal since Shiver failed to show that the original trial court would have dismissed his indictment with prejudice. On appeal, Shiver argues that: (1) if his trial counsel had moved to dismiss the indictment on speedy trial grounds, the trial court likely would have dismissed the indictment with prejudice; (2) the district court in his § 2255 proceedings should have given him an opportunity to rebut a purported presumption that dismissal without prejudice would have resulted in the government seeking his re-indictment; and (3) even dismissal without prejudice would have been a different outcome in the "proceeding that was pending." After thorough review, we affirm.

A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008). Under Strickland v. Washington, 466 U.S. 668 (1984), a movant demonstrates ineffective assistance of counsel by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. Devine, 520 F.3d at 1288. Under the first prong of Strickland, judicial scrutiny of counsel's performance is highly

2

deferential.  Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc).  We indulge the "strong presumption" that counsel's performance was reasonable, and unreasonableness requires a showing that "no competent counsel would have taken the action that [] counsel did take."  Id. at 1315 (quotation omitted).  However, an attorney's ignorance of a point of law fundamental to the case, combined with the failure to perform basic research on that point, is a quintessential example of unreasonable performance under Strickland.  Hinton v. Alabama, 571 U.S. __, 134 S.Ct. 1081, 1089 (2014).

Under the prejudice prong of Strickland, the petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014).  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.  "The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."  Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).  A habeas petitioner must carry his burden on both Strickland prongs to demonstrate ineffective assistance of counsel.  Osley, 751 F.3d at 1222.  We need not address both prongs if the defendant has made an insufficient showing on one.  Id.

3

The Speedy Trial Act requires, absent certain exclusions, that a criminal defendant be tried within 70 days of the indictment. 18 U.S.C. § 3161(c)(1). If the defendant withdraws his guilty plea, he is deemed indicted on the day the order permitting the withdrawal becomes final. Id. § 3161(i). The Act details the actions that toll the speedy trial clock. Id. § 3161(h). A delay due to a continuance only tolls the speedy trial clock if the district court makes a finding that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(A). Failure by the district court to make the ends-of-justice finding results in the time being non-excludable. Zedner v. United States, 547 U.S. 489, 507-08 (2006). If a defendant is not brought to trial within the time limits prescribed by § 3161, then the indictment "shall be dismissed" on a motion by the defendant. 18 U.S.C. § 3162(a)(2).

The district court has discretion to dismiss the indictment with prejudice or without prejudice. United States v. Brown, 183 F.3d 1306, 1309-10 (11th Cir. 1999). There is no preference for one type of dismissal over the other. Id. at 1310. In choosing between the two, the court should consider (1) the seriousness of the offense, (2) the facts and circumstances that led to dismissal, and (3) the impact of re-prosecution on the administration of the Speedy Trial Act and the administration of justice. Id.; 18 U.S.C. § 3162(a)(2). We perform a step-by-step analysis of each factor. United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984).

4

Where the crime charged is serious, the court should dismiss with prejudice "only for a correspondingly severe delay." United States v. Williams, 314 F.3d 552, 557 (11th Cir. 2002). In Williams, we concluded that a 68-day violation in a prosecution for serious drug crimes warranted dismissal without prejudice. Id. at 560-61. We recognized that, at some point, however, the length of the delay can be enough, by itself, to justify dismissal with prejudice. Id. at 557.

As for the second factor -- the facts and circumstances leading to the Speedy Trial Act violation -- we focus on "the culpability of the delay-producing conduct." Id. at 559 (quotation omitted). In United States v. Miranda, 835 F.2d 830 (11th Cir. 1988), a federal criminal prosecution, a magistrate judge prepared a report and recommendation for the district court concerning a motion to dismiss based on the unconstitutionality of certain state and federal states. Id. at 832. Shortly thereafter, a different district judge in related cases ordered the magistrate judge to advise the Florida attorney general that the State could elect to participate in the case, since the constitutionality of a state statute was at issue. Id. The magistrate judge entered an order granting the Florida attorney general 20 days to notify the court of its interest, or otherwise the report and recommendation would stand as the final report by the magistrate judge. Id. The Florida attorney general did not respond, and the case "essentially dropped out of sight" until the defendants moved to dismiss on speedy trial grounds roughly four months later. Id. at 833. The district

court denied the motion to dismiss, finding that it was the defendants' burden to notify the court of the attorney general's failure to respond and that the case was ripe to continue. Id. On appeal, however, we explained that the appellants should not shoulder the entire blame, as they had no duty to "insure speediness against themselves," and that the government and the district court shared responsibility for the Speedy Trial Act violation. Id. at 833-34. We concluded that it did not need to remand for a determination of whether to dismiss with prejudice because the record compelled dismissal without prejudice, noting that "[b]y administrative confusion the court failed its responsibility" and the government failed its duty of notification as well. Id. at 834. We added that "[t]he unfortunate circumstances of [the] case point more to negligence and oversight than intentional delay." Id.

Finally, applying the third statutory factor, "there is almost always some tension between administration of the Act and the administration of justice." Williams, 314 F.3d at 559 (quotations omitted). Defendants can always argue that the minimal sanction of dismissal without prejudice takes the teeth out of the Act's requirements, and the government can always argue that re-prosecution furthers the public's interest in bringing criminals to trial. Id. at 559-60. However, the third factor is not necessarily neutral -- it not only allows courts to review the seriousness of the criminal charges and the reason for the delay, but also "provides

6

authority for considering such aggravating and mitigating factors as the length of the delay and the prejudice to the defendant." Id. at 560 (quotations omitted).

In this case, Shiver has failed to show that he was he was prejudiced under Strickland by counsel's failure to move for dismissal on speedy trial grounds. As for Shiver's claim that the trial court likely would have dismissed the indictment without prejudice if his trial counsel had moved for dismissal, we are unpersuaded. Indeed, both parties agree that possession of child pornography is a serious offense -- the first factor the Speedy Trial Act directs district courts to consider in deciding whether to dismiss with prejudice under § 3162(a)(2). Additionally, while the delay was substantial, it was not long enough, by itself, to justify dismissal with prejudice, especially in light of the severity of the pending charge. Turning to the second § 3162(a)(2) factor, the facts and circumstances surrounding the delay do not indicate that the government was at fault. Shiver did not oppose the government's motion to continue; the district court ultimately made an ends-of-justice finding for the continuance; and nothing in the record suggests that either party sought to intentionally delay the case. Nor does the third § 3162(a)(2) factor -- the impact of re-prosecution on the administration of the Speedy Trial Act and the administration of justice -- weigh in Shiver's favor. Notably, at the time, Shiver agreed that the ends of justice would be met by a continuance. Moreover, Shiver has not argued that the delay prejudiced the preparation of his case.

Accordingly, a consideration of the § 3162(a)(2) factors indicates that the trial court would have dismissed the indictment without prejudice.

We also find no basis for Shiver's request for a remand to give him the opportunity to rebut the "presumption" that the government would have re-indicted him. As the record shows, Shiver did not present any evidence below to establish that the government would not have re-indicted him given the seriousness of the charge. Because the burden of proof was on him to show that the government would not have re-indicted, he is incorrect in asserting that the district court applied an impermissible presumption against him.

Finally, we disagree with Shiver that a dismissal without prejudice would have been a different outcome in the "proceeding," and that, had the government re-indicted him, it would have been an entirely different "proceeding" under Strickland. For starters, Shiver's cited case law does not support this position. Moreover, as we've explained, Shiver has not shown that a dismissal without prejudice would have ended the criminal prosecution. Thus, we cannot conclude that counsel's failure to move to dismiss the indictment before trial would have affected the ultimate outcome of the pending criminal charges against Shiver.

In short, Shiver failed to demonstrate prejudice under Strickland. Because we need not need not address both Strickland prongs if the defendant has made an

8

insufficient showing on one, we conclude that the district court did not err in rejecting Shiver's ineffective-assistance-of-counsel claim. [1]

**AFFIRMED**.

---

[1] Shiver also has requested a remand for an evidentiary hearing to determine whether counsel acted strategically or due to ignorance of the law. However, we need not resolve the issue of counsel's performance in light of our conclusion that Shiver suffered no prejudice.

9