[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-13983
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00502-JSM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRISCILLA ANN ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 4, 2020)

Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Priscilla Ann Ellis appeals from the district court's denial of her post-conviction motion to dismiss the indictment in one of her two criminal cases based

on a violation of her Sixth Amendment right to a speedy trial.  On appeal, the government has moved to dismiss the appeal in part for lack of jurisdiction, for summary affirmance in part, and to stay the briefing schedule pending resolution of its motion.

## I.

The government's motion to partially dismiss this appeal is GRANTED.  Ellis appealed from the district court's order denying her post-conviction motion to vacate or set aside her superseding indictment.  Nonetheless, portions of her merits brief on appeal appear to challenge the underlying validity of her convictions and sentences.  Ellis's merits brief also appears to challenge the imposition of special administrative measures ("SAMs") on her custodial sentence, which she has challenged through numerous other motions in the district court.

To the extent Ellis has attempted to challenge the December 2019 order denying her various SAMs, her October 2019 NOA is not effective to appeal that order.  Fed. R. App. P. 3(c)(1);  *Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) ("Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed.").  Additionally, Ellis's October 2019 NOA is untimely to directly appeal her October 2017 and January 2018 convictions and sentences.  *See* Fed. R. App. P. 4(b)(1)(A)

2

(requiring a defendant's notice of appeal to be filed within 14 days after entry of the judgment or order being appealed).  Although the time limit to file a notice of appeal in criminal cases is not jurisdictional, and instead represents a claim-processing rule, this Court "must apply the time limits of Rule 4(b)" if the government objects to the timeliness of a criminal appeal.  *See United States v. Lopez*, 562 F.3d 1309, 1313–14 (11th Cir. 2009).  Dismissing the appeal as to these orders is also appropriate because this appeal is duplicative of Ellis's direct appeal from the December 2019 SAMs order and her direct appeals from both criminal judgments.  *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (noting "that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits"); *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978) [1] (noting an "[a]ppellant is not entitled to two appeals").

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the denial of a motion to dismiss the indictment for abuse of discretion. *United States v. Palomino Garcia*, 606 F.3d 1317, 1322 (11th Cir. 2010). Moreover, we review a claim under the Speedy Trial Act *de novo*. *United States v. Williams*, 314 F.3d 552, 556 (11th Cir. 2002).

"[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotations omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under the law-of-the-case doctrine, both the district court and our Court are bound by findings of fact and conclusions of law that we made on a prior appeal of the same case unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996). And if a defendant omits an issue from a prior appeal in the same case, the defendant is "deemed to have waived the right to challenge that decision at a later

time." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (quotations omitted).

We GRANT the government's motion for summary affirmance as to Ellis's challenge to the district court's denial of her motion to dismiss the indictment. The government is correct as a matter of law that the law-of-the-case doctrine bars Ellis's remaining challenges to her indictment. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Although Ellis's Speedy Trial Act claim differs slightly from the claim she raised in her direct appeal in her murder-for-hire case, the law-of-the-case doctrine bars defendants from raising claims that they could have raised, but did not raise, during a direct appeal of the same case. *See Escobar-Urrego*, 110 F.3d at 1560. And the basis of her challenges to her convictions and sentences, namely that the evidence was insufficient to convict her, existed at the time that she filed her direct appeal. Thus, she could have raised those challenges in that appeal. Because she did not do so, the law-of-the-case doctrine bars her from raising those challenges in a collateral post-conviction motion. *See id.* While the district court's denial order addressed only Ellis's challenges to her indictment—via reference to its prior orders denying similar motions on the merits—we may affirm on any ground supported by the record. *See Al-Arian*, 514 F.3d at 1189.

Thus, as there is no substantial question as to the outcome of the case, we GRANT the government's motion for summary affirmance as to Ellis's challenges

5

to her indictment, convictions, and sentences.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, we DENY the government's motion to stay the briefing schedule, and all other pending motions, as moot.