**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Rolando OTERO–HERNANDEZ,**
**Defendant-Appellant.**

No. 83–5040
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 9, 1984.

Gilmour, Morgan & Rosenblatt, Robert A. Rosenblatt, Miami, Fla., for Otero-Hernandez.

Stanley Marcus, U.S. Atty., Miami, Fla., Karen L. Atkinson, Asst. U.S. Atty., Fort Lauderdale, Fla., Linda Collins Hertz, Asst.

---

U.S. Atty., Chief, Appellate Section, Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

On May 14, 1982, appellant Rolando Otero-Hernandez and two others were indicted for importing marijuana, in violation of 21 U.S.C. §§ 952(a), 960 (1982) and 18 U.S.C. § 2 (1982), and for possessing marijuana with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) (1982). A superseding indictment, charging one additional defendant, was filed on June 25. On November 3, appellant moved the district court to dismiss the indictment under 18 U.S.C. § 3162 (1982) on the ground that he had not received a speedy trial under 18 U.S.C. § 3161(c) (1982).[1] The district court denied the motion. On November 4, appellant's trial began. He was convicted of importing marijuana as charged. He appeals, contending only that the court erred in denying his motion for discharge. We affirm.

The trial court, in denying appellant's motion for discharge, found that while appellant himself had not made any motions to toll the running of the speedy trial clock, his codefendants had made numerous such motions. The court then applied 18 U.S.C. § 3161(h)(7), which provides for the exclusion, in calculating time under the Speedy Trial Act, of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The trial court noted that the law in this circuit interprets subsection 7 to mean that delay caused by an accused's codefendants is excludable as to the accused. See *United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir.1983). Accordingly, the trial court found no speedy trial violation as to appellant.

Appellant does not challenge here the trial court's calculation that sufficient excludable time existed to allow trial of his codefendants, nor could he.[2] His only argument is that in this particular case, it is not "reasonable" within the meaning of subsection 7 to exclude from his speedy trial calculation the four months of delay caused by his codefendants.[3] We disagree.

In enacting subsection 7, Congress provided that "the purpose of the provision is to make sure that [the Speedy Trial Act] does not alter the present rules on severance of codefendants by forcing the [g]overnment to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under section 3162." S.Rep. No. 93–1021, 93rd Cong., 2nd Sess.

1. Section 3162 provides, in relevant part:
   (a)(2) If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.
   Section 3161(c) provides, in relevant part:
   (1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate on a complaint, the trial shall commence within seventy days from the date of such consent.

2. Appellant's three codefendants made numerous motions, one or more of which was under advisement of the district court at almost all points in the pretrial period. The government counts a total of 24 nonexcludable days between the initial indictment and trial. Even under appellant's best case, we count no more than 50 such days.

3. Appellant presented only the statutory Speedy Trial Act violation claim to the district judge. Now, he arguably tries to present to us a claim of a constitutional violation of his right to a speedy trial. We note in passing that such a claim, properly presented, would be meritless; a seven-month delay is not "presumptively prejudicial" within the meaning of the test for a speedy trial violation articulated in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). *United States v. Struyf*, 701 F.2d 875, 878–79 (11th Cir.1983).

(1974). Congress thus expressly "recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice [feeling that] the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time." *United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir.1982), *cert. denied,* ─ U.S. ─, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983). We do not find the delay in this case to have been unreasonable in light of the above congressional goals.

Because we find no error in the trial court's denial of the motion for discharge, appellant's conviction is

AFFIRMED.