UNITED STATES of America,
Plaintiff-Appellant,

v.

Al PHILLIPS, Defendant-Appellee.

No. 84–5895.

United States Court of Appeals,
Eleventh Circuit.

Nov. 12, 1985.

---

1. Circuit Judge Grady Crawford, Circuit Court in and for the Eleventh Judicial Circuit of Flor- ida, Dade County, Florida.

Stanley Marcus, U.S. Atty., Jon May, David O. Leiwant, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellant.

Jeffrey A. Miller, Bruce Rogow, Fort Lauderdale, Fla., for defendant-appellee.

Before VANCE and HATCHETT, Circuit Judges, and ATKINS *, District Judge.

VANCE, Circuit Judge.

This is the second appeal by the government in this case following the district court's dismissal with prejudice of a multicount indictment against appellee, Al Phillips. On the prior appeal we concluded that the district court had improperly applied a presumption that dismissals under the Speedy Trial Act should be with prejudice. We directed that on remand it consider the factors enumerated in 18 U.S.C. § 3162(a)(2) without the influence of the improper presumption. On remand the district court again considered the matter and again ruled that the dismissal should be with prejudice. We now conclude that

such ruling constituted an abuse of discretion. We therefore reverse the judgment of dismissal with prejudice and remand with directions that a judgment of dismissal without prejudice be entered.

### I. *Facts and Procedural History*

An indictment charging Phillips and others with several offenses involving marijuana importation was filed but sealed on March 17, 1983. The indictment was unsealed on March 23, 1983 and on that date Phillips was arrested. He entered a plea of not guilty. On April 18, 1983 and again on May 17, 1983 the U.S. Attorney filed Speedy Trial reports in which he stated that trial must begin on June 13, 1983. The case was set for trial on May 31, 1983, but the trial was not held on that date. The reason does not appear in the record. At a hearing on May 25, 1983 the district judge advised counsel that the case was third on the June 6 calendar but stated, "Looks like this won't be tried at this point." On June 22, 1983 Phillips filed his motion to dismiss under the Speedy Trial Act because more than seventy nonexcludable days had passed. The government's June 23 response did not oppose dismissal but argued that the dismissal should be without prejudice.

### II. *Discussion*

█ In its order on remand the district court recognized the correct analytical framework mandated in *United States v. Russo*, 741 F.2d 1264 (11th Cir.1984). It also stated that it must give consideration to the factors enumerated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Its findings on remand chronicle the events leading to dismissal, but our understanding of the court's application of the *Russo* analysis is not aided by any relevant findings or explanations except for statements of conclusion. Its reference to *Barker* is more problematic since less than eighty[1] days of nonexcludable

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. According to defendant's calculations ninety-one days had elapsed.

time had elapsed when defendant's Speedy Trial motion was filed. No constitutional ground was stated in defendant's motion, and the delay was insufficient to implicate constitutional concerns. Under this court's precedents the length of the delay in this case was too short even to trigger *Barker's* balancing test or to require an examination of the other three factors. *United States v. Otero-Hernandez,* 743 F.2d 857, 858 n. 3 (11th Cir.1984); *United States v. Varella,* 692 F.2d 1352, 1359 (11th Cir.1982), *cert. denied,* 463 U.S. 1210 (1983), *cert. denied,* 464 U.S. 838, 104 S.Ct. 127, 78 L.Ed.2d 124 (1983).

The district court's order ends with the following statement:

> If, following delay in starting a trial beyond the time prescribed by statute, the prosecution is free to commence prosecution again for the same offense, the right to speedy trial is largely meaningless.

We have difficulty in reconciling this terminal conclusion with the district court's recitation that its result is reached without application of any presumption. This conclusion is precisely the reason advanced when the Speedy Trial Act was under consideration by those who advocated that all dismissals be with prejudice. That sanction was rejected by the Congress, however, in favor of the balancing scheme now found in the statute. *See United States v. Caparella,* 716 F.2d 976, 978 (2d Cir.1983).

 Under *Russo* the following step-by-step consideration of the statutory factors is determinative:

(1) The charges in this case are serious. They have been found to be serious and that finding is clearly supported by the record.

(2) The delay was slight—variously calculated at from ten days to three weeks. There was no demonstrated fault by the government.[2] Indeed, the government twice filed reports alerting the trial court of the Speedy Trial deadline. The case was simply not reached on the trial docket, a matter within the primary responsibility of the court.

(3) No findings were made concerning an adverse impact on administration of the Act and justice in general. The court noted in its findings that defendant asserted that he is 100% disabled and is awaiting back surgery in the near future. Phillips was not incarcerated awaiting trial, however, and no record evidence or finding supports a conclusion that he suffered more harm than accrued to him by virtue of having been originally charged with crime.

The government relies on the seventh circuit's holdings that in the case of a serious crime, dismissal with prejudice should only be imposed for a serious delay, *United States v. Carreon,* 626 F.2d 528, 533 (7th Cir.1980), especially in the absence of a showing of prejudice. *United States v. Hawthorne,* 705 F.2d 258, 260 (7th Cir. 1983). In effect we adopted the same rule in *Russo:* "Where the crime charged is serious, the court should dismiss only for a correspondingly severe delay." 741 F.2d at 1267. The reasons for application of this principle are strengthened in this case by the government's apparent freedom from fault and the lack of any finding of prejudice to Phillips resulting from the short delay. We conclude that under all of the circumstances disclosed by the record before us dismissal with prejudice cannot be affirmed.

REVERSED and REMANDED with instructions.

---

**2.** There are findings that the government was delinquent in connection with certain discovery requirements but no finding that such delinquency was connected with the Speedy Trial violation. There should be no relationship. The district court has available adequate sanctions to insure compliance with all such requirements if they are brought to its attention in a timely manner by opposing counsel. The possibility of a relationship is foreclosed by defendant's verification in a memorandum filed in the district court on July 7, 1983 that he never sought a continuance at any time or for any reason.