[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10874

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 22, 2008**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 06-00204-CR-J-33-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAURETTE C. HUNTER,
ROBERT C. BROWN,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 22, 2008)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

Robert C. Brown and Laurette C. Hunter appeal from their convictions on

charges of conspiracy, 18 U.S.C. § 371, health care fraud, 18 U.S.C. § 1347, making false statements, 18 U.S.C. § 1035, and mail fraud, 18 U.S.C. § 1341.

Brown, previously a licensed physician, operated a walk-in medical clinic called RCB in Jacksonville, Florida. Hunter was the clinic's office manager, and she and Brown handled all of the billing. The Government alleged that together, Brown and Hunter submitted fraudulent claims totaling $2,384,686 to various insurance companies including Aetna, United and CIGNA for medical services which RCB never provided.[1] The defendants were convicted after an eight-day jury trial, and they now argue that several district court errors before and during their trial violated their constitutional rights. They ask this Court to vacate their convictions and to dismiss the case with prejudice or to remand for a new trial.[2] However, finding no reversible error, we affirm.

The original case against Brown and Hunter was dismissed without prejudice due to a violation of the Speedy Trial Act. The grand jury then returned the indictment in this case that mirrored that of the original case. Brown and Hunter's first claim is that the district court erred by failing to dismiss the original case against them with prejudice. There is no dispute that a Speedy Trial Act

---

[1] Of the over $2,000,000 in false claims submitted, the insurance companies paid RCB $1,688,702.

[2] Hunter also asks that if we remand this case for a new trial, we also set aside the judgment of forfeiture against her. Because we do not remand, we need not reach this issue.

violation occurred. The only question before us is whether the original case should have been dismissed with prejudice, a question which we review for an abuse of discretion. United States v. Brown, 183 F.3d 1306, 1309 (11th Cir. 1999).

18 U.S.C. § 3162(a)(2) provides that, in the event of a Speedy Trial Act violation, the indictment shall be dismissed upon motion of the defendant. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2). There is no presumption in favor of either dismissal with or without prejudice. See United States v. Taylor, 487 U.S. 326, 335 (1988); United States v. Miranda, 835 F.2d 830, 834-35 (11th Cir. 1988) (dismissing indictment without prejudice); United States v. Phillips, 775 F.2d 1454 (11th Cir. 1985) (reversing dismissal with prejudice where the district court evinced a preference for this remedy and remanding for entry of a dismissal without prejudice). If the district court has properly considered all of the statutory factors and supporting factual findings are not clearly in error, its judgment "should not be lightly disturbed." Taylor, 487 U.S. at 337.

This record reflects that the district court clearly discussed and adequately

weighed the requisite factors. First, the court found that the defendants were "charged with not one but twenty five serious offenses" alleging that they defrauded insurance companies, "result[ing] in the improper appropriation of approximately 2.5 million dollars." The defendants had also moved for several continuances to prepare for trial, while the Government had only moved for a continuance once (and that motion was joined by the defendants). The district court then weighed the impact of reprosecution on the administration of the Act and on the administration of justice, weighing the argument that dismissal without prejudice undermines the effect of the Speedy Trial Act, and the converse argument that "reprosecution furthers the public interest in bringing criminals to trial." The court also considered "the fact that the delay [was] not egregious and there [was] no apparent prejudice to the defendants." Having balanced these factors, the district court found dismissal without prejudice to be appropriate. Given the district court's careful consideration of all of these factors, we see no abuse of discretion in the dismissal of the original case without prejudice.

We also find no abuse of discretion in the limitations imposed on the cross-examinations at trial of two physicians who testified for the Government. Brown argues that he should have been permitted to cross-examine these witnesses about alleged conduct that had occurred many years earlier. Under the circumstances

4

presented here, we find no abuse of discretion in limiting the scope of cross-examination on the basis that the probative value, even if found to be relevant to the issues presented, would be significantly outweighed by the prejudicial effect of such questioning. See Fed. R. Evid. 403.

Nor do we find an abuse of discretion in the district court's refusal to compel the disclosure of witness Penny Thomas's confidential pre-sentence investigation report. Thomas had pled guilty to permitting Brown and Hunter to bill her insurance company for medical treatments she did not receive. There is a presumption against disclosure of confidential PSIs to third parties, so the burden is on Brown to show a special or compelling need for the information contained therein. See United States v. Gomez, 323 F.3d 1305, 1308 (11th Cir. 2003). Brown failed to meet his burden, and, thus, we find no abuse of discretion.

We also find no reversible error regarding the arguments that the district court erred by placing undue emphasis on matters judicially noticed or in the instructions given to the jury or that there were double jeopardy violations. Nor do we find merit in Hunter's argument that the district court erred by failing to admit evidence of Hunter's income taxes, bank information, and loan information during time periods outside of the time of the alleged conspiracy. Finally, we find no reversible error with reference to the argument that the prosecutor improperly

5

vouched for witness Thomas during closing arguments.

**AFFIRMED.**