[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11408
Non-Argument Calendar

_____

D. C. Docket No. 06-80191-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK VICKERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Roderick Vickers, convicted of illegal possession of a firearm by a convicted

felon, in violation of 18 U.S.C. § 922(g), appeals the district court's denial of his motion to dismiss the indictment based on pre-indictment and post-indictment delay, when he claimed he asserted his right to a speedy trial. Vickers also argues that the district court erred in finding that the firearm he possessed was used in connection with a homicide. Vickers lastly contends that his trial counsel was ineffective. For reasons set forth below, we affirm.

A.

We review a district court's refusal to dismiss an indictment for pre-indictment delay for an abuse of discretion. United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996). "The limit on pre-indictment delay is usually set by the statute of limitations. But, the Due Process Clause can bar an indictment even when the indictment is brought within the limitation period." Id. at 1222. For dismissal to be proper, a defendant must show that pre-indictment delay caused him actual, substantial prejudice and that the government intentionally delayed prosecuting the case in order to gain a tactical advantage over the accused. Id. Although actual prejudice is a necessary element of a due process claim, it is not, standing alone, sufficient to support dismissal. United States v. Lovasco, 431 U.S. 783, 790, 97 S.Ct. 2044, 2048-49, 52 L.Ed.2d 752 (1977).

Regarding post-indictment delay, we review de novo the district court's

2

denial of a defendant's motion to dismiss based on the Speedy Trial Act, 18 U.S.C. § 3161, et seq., or upon the Sixth Amendment right to a speedy trial. United States v. Harris, 376 F.3d 1282, 1286 (11th Cir. 2004).

In determining whether a defendant's constitutional right to a speedy trial has been violated, we must consider: (1) the length of the delay; (2) the cause of the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the presence or absence of prejudice resulting from the delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); see also United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006). Unless the first three factors all weigh heavily against the government, the defendant must demonstrate actual prejudice. United States v. Mitchell, 769 F.2d 1544, 1547 (11th Cir. 1985).

A delay attributable to negligence is weighted less heavily than a deliberate delay, but still counts against the government. United States v. Dennard, 722 F.2d 1510, 1513 (11th Cir. 1984). When the investigation was not performed diligently, however, it weighs heavily against the government. Ingram, 446 F.3d at 1339-40 (holding that a two-year delay weighed heavily against the government when the arresting officer knew where the defendant lived and worked and made only weak efforts to contact the defendant).

A defendant has no duty to bring himself to trial. Ingram, 446 F.3d at 1337.

3

Where the defendant did not know of the indictment until arrest, however, he may promptly assert his right to a speedy trial after arrest, and it weighs heavily against the government. Id. at 1340. A defendant may invoke the right to a speedy trial after indictment, information, other formal charge, or upon "arrest and holding to answer a criminal charge." Dillingham v. United States, 423 U.S. 64, 65, 96 S.Ct. 303, 304, 46 L.Ed.2d 205 (1975).

In the situation where the government has placed a detainer on the defendant, the Interstate Agreement on Detainers Act ("IADA") provides that the defendant shall be brought to trial within 180 days after delivery of his speedy trial request has been delivered to the prosecutor and court. Fex v. Michigan, 507 U.S. 43, 47-48, 52, 113 S.Ct. 1085, 1089, 1091, 122 L.Ed.2d 406 (1993) (expressly rejecting the contention that it was the defendant's transmittal of a speedy trial request to prison authorities that initiated the 180-day period even if that request was lost in the mail or was not delivered to the prosecuting agency).

"Although compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial claims, 'it will be an unusual case in which time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated,'" as the Barker factors underlie a speedy trial constitutional claim. United States v. Twitty, 107 F.3d 1482, 1490 (11th Cir. 1997).

4

"To trigger a speedy trial analysis, an accused must allege that the interval between [the indictment] and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay." Ingram, 446 F.3d at 1336. "Only if this threshold point is satisfied may the court proceed with the final three factors in the Barker analysis." United States v. Clark, 83 F.3d 1350, 1352 (11th Cir. 1996). "Delays exceeding one year are generally found to be 'presumptively prejudicial.'" Ingram, 446 F.3d at 1336; see also United States v. Otero-Hernandez, 743 F.2d 857, 858 n.3 (11th Cir. 1984) (noting that a seven-month delay is not "presumptively prejudicial" within the meaning of the test for a speedy trial violation).

Pursuant to the Speedy Trial Act:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1) (emphasis added). "However, the Act excludes from the computation of the 70 days 'any period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.'" Harris, 376 F.3d at 1288

5

(quoting 18 U.S.C. § 3161(h)(1)(F)) (brackets omitted).

Here, under the doctrine of invited error, we are precluded from reversing a district court error, if any, that was made in denying Vickers's pre-indictment delay claim or his Speedy Trial Act violation claim because he conceded to the court that he had no such claims and invited the district court to focus only on his constitutional right to a speedy trial. See United States v. Ross, 131 F.3d 970, 988 (11th Cir. 1997) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.").

Even if we did not view the invited error doctrine as applicable, we would still conclude that the court did not abuse its discretion because the indictment was returned within the statute of limitations, and Vickers failed to provide evidence of actual, substantial prejudice or that any pre-indictment delay was intended to gain a tactical advantage.

Regarding his post-indictment delay claims, Vickers failed to show that he was presumptively prejudiced by the delay and although the court was not obligated to touch upon the other Barker factors, Vickers nevertheless failed to show that the cause of the delay was improper, that the government received his request for a speedy trial, or that he was actually prejudiced.

B.

6

We review a "district court's application and interpretation of the sentencing guidelines under the de novo standard of review . . . [and] its findings of fact for clear error." United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). We will not find clear error unless we are "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005)(internal quotation and citation omitted).

If a defendant used or possessed a firearm "in connection with the commission or attempted commission of another offense," and death resulted, then the sentencing guidelines direct that the homicide guideline under § 2A1.1 should be applied. U.S.S.G. § 2K2.1(c)(1)(B). The phrase "in connection with" is not defined by U.S.S.G. § 2K2.1(c). However, we have interpreted this phrase expansively, finding that it reflects the context of the defendant's possession. Rhind, 289 F.3d at 695 (interpreting the phrase "in connection with" in the context of U.S.S.G. § 2K.1(b)(5) and applying it in case where defendants drove a car during their crime spree that contained firearms). In addition, we have held that the firearm does not have to facilitate the underlying offense. Id.

When the district court states that it would have imposed the same sentence regardless of the advisory guideline calculations, we may assume error and review whether the ultimate sentence is supported by the § 3553(a) factors. United States

7

v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006).

Here, the evidence showed that Vickers murdered someone with the firearm. That is clearly in connection with the offense of possession of a firearm. Additionally, Vickers's 120-month sentence was reasonable because the record shows that the court adequately reviewed the § 3553(a) factors and Vickers's criminal history and circumstances and determined that a 120-month sentence promoted respect for the law, reflected the seriousness of the offense, provided just punishment, and protected the public from a person with a very violent criminal history.

## C.

To the extent that Vickers received ineffective assistance of counsel, such a claim is not cognizable on direct appeal, unless the record is sufficiently developed. Massaro v. United States, 538 U.S. 500, 508, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003); see also United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008); United States v. Verbitskaya, 406 F.3d 1324, 1337 (11th Cir. 2005). We decline to address ineffective assistance of counsel in this appeal.

Accordingly, we affirm Vickers's conviction and sentence.

**AFFIRMED.**