# United States Court of Appeals
## For the First Circuit

No. 08-1029

UNITED STATES OF AMERICA,

Appellant,

v.

EARL DESSESAURE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Lynch, Chief Judge,

Torruella and Boudin, Circuit Judges.

Randall E. Kromm, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief for appellant.

James B. Krasnoo, by appointment of the court, with whom Krasnoo/Klehm LLP was on brief for appellee.

February 24, 2009

**Per Curiam**.  In this appeal, the government challenges the district court's dismissal with prejudice--for violations of the Speedy Trial Act, 18 U.S.C. § 3161 (2006)--of its four-count indictment against Earl Dessesaure.  The prosecutor  concedes that the statute was violated, but says that government error was inadvertent and caused only a modest delay and no harm, so dismissal should have been without prejudice.  The background, elaborated in the cited decisions, can be briefly summarized.

On June 4, 2003, Dessesaure was indicted on drug trafficking and gun charges.[1]  He was arrested on the street with drugs; the police entered his apartment without a warrant and found more drugs in sight; and, obtaining a warrant, agents then made a detailed search and seized a gun, bullets, more drugs and drug paraphernalia, money, and relevant documents.  After hearings in fall 2003, the district court on April 13, 2004, granted a suppression motion as to the evidence seized from the apartment. United States v. Dessesaure, 314 F. Supp. 2d 81 (D. Mass. 2004).

After failing to win reconsideration, United States v. Dessesaure, 323 F. Supp. 2d 211 (D. Mass. 2004), the government sought review, and this court reversed the district court's decision to suppress the evidence obtained pursuant to the warrant,

---

[1]Specifically, being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1) (2006) (Count One); possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1) (2006) (Counts Two and Three); and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (Count Four).

-2-

ruling that it was admissible under the analysis set forth by the Supreme Court in Franks v. Delaware, 438 U.S. 154 (1978) and Murray v. United States, 487 U.S. 533 (1988). United States v. Dessesaure, 429 F.3d 359, 365 (1st Cir. 2005). The mandate issued March 7, 2006. Nothing more happened until June 6, 2006--a period of ninety-one days--when Dessesaure filed a letter requesting the appointment of counsel to file a petition for certiorari.

On June 14, 2006, the district court scheduled a status conference for June 29. There, the district judge questioned, sua sponte, whether the delay violated the Speedy Trial Act. The government's filing on July 14 conceded that a violation had occurred and urged a dismissal without prejudice. Dessesaure's counsel responded on August 8, 2006, saying he would move for dismissal with prejudice, although he did not then do so for a number of months.

On October 27, 2006, the district court held a hearing on the Speedy Trial Act issue, observing that it could pursue any of several options; that it was "tempted to dismiss with prejudice"; but that "most of these dismissals with prejudice are overturned." The court continued:

> Given the state of the law, the odds are that I would be reversed, even though I strongly believe this is a case with misconduct, and this kind of fact-finding ought to be dismissed with prejudice . . . .

Dessesaure formally moved for dismissal with prejudice on December 18, 2006. Eleven months later, on November 21, 2007, the district court dismissed the indictment against Dessesaure "with prejudice." United States v. Dessesaure, 527 F. Supp. 2d 193 (D. Mass. 2007). The district court agreed that the crimes were "extremely serious" and that delay had been partly due to the court itself, but said that the prosecution had "been flawed . . . in many respects" and the defendant had languished in jail for too long. Id. at 198.

The government now appeals and, neither facts nor governing law being seriously in dispute, our review is for "abuse of discretion." United States v. Kelley, 402 F.3d 39, 41 (1st Cir. 2005). The issue is framed by the statutory scheme, a set of factors that the law makes relevant to choosing a remedy, and a pattern of case law that--as the district judge recognized--makes dismissal with prejudice a last and rare resort. Sansone, Annotation, 98 A.L.R. Fed. 660 (1990) (collecting case law on dismissal with prejudice under the statute).

The reason why such dismissals are ordinarily without prejudice is obvious. The Speedy Trial Act is a mechanical regime which, nominally, requires trial within 70 days of indictment but excludes various periods from the calculation. 18 U.S.C. § 3161(c)(1), (h). For the sake of both the public and the defendant, it aims at prompt resolution of criminal charges; but it

would not long survive if administered to turn routine slips into permanent immunity for a defendant who may be quite dangerous.

Given a violation, the statute and precedent require the court to consider various factors. The statute itself provides:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2).

Perhaps the most concrete elements are the seriousness of the offense, the cause of the delay and any resulting prejudice to the defendant's ability to get a fair trial if re-prosecuted. 18 U.S.C. § 3162(a)(2); United States v. Scott, 270 F.3d 30, 58 (1st Cir. 2001); United States v. Hastings, 847 F.2d 920, 925-29 (1st Cir. 1988). Here, all three of these factors supported a dismissal without prejudice as the fit remedy.

Of the offenses charged, little need be said because their seriousness is so obvious. Hastings, 847 F.2d at 925. The combination of drug trafficking and guns has imposed a grim toll on society. If the evidence seized at Dessesaure's apartment is taken at face value--and he has not yet had a chance to defend himself at trial--it explains why he did not press vigorously for an early trial and makes a showing of prejudice more doubtful.

-5-

The initial delay complained of by the district judge was the failure to press the case forward between the issuance of this court's mandate in March 2006 and the conference in June; but the delay was not especially long, and the defendant was as well-placed to remind the judge as was the prosecutor. The delay between this court's decision and the issuance of mandate was due to a defense petition for rehearing en banc which was legitimate but automatically stayed issuance of the mandate.

By the time the district court dismissed the case, the duration had become substantial, but not because of further prosecution delay. The defense, for example, said in August 2006 that it would seek dismissal with prejudice but delayed moving until December. The district judge then considered the ensuing motion to dismiss for eleven months. On the present facts neither consideration supports a dismissal with prejudice.

Ordinarily, the strongest argument against re-prosecution is prejudice to the defendant--most importantly, loss of witnesses or other impediments to obtaining a fair trial at a later date. See Scott, 270 F.3d at 58; United States v. Barnes, 159 F.3d 4, 18 (1st Cir. 1998). But Dessesaure has not made any showing of this kind. Further, if he were re-indicted and could prove real prejudice, he could invoke a constitutional guarantee, which operates to protect against such prejudice regardless of the Speedy Trial Act. See

U.S. Const. amend. VI; <u>United States</u> v. <u>Mitchell</u>, 723 F.2d 1040, 1049 (1st Cir. 1983).

The district court made clear its view that the case was flawed from the outset because the original entry into Dessesaure's apartment was unlawful; but the prosecution was entitled to try to rescue the case under Supreme Court precedent, and it prevailed on the appeal. <u>Dessesaure</u>, 429 F.3d at 367. Of greater concern is the district court's finding that Boston police officers did not testify truthfully in the suppression hearing; but there is no indication that federal prosecutors were parties to the deceit nor is it clear that any inaccuracies in testimony had anything to do with the Speedy Trial Act violations. <u>See</u> <u>Hastings</u>, 847 F.2d at 925-26.

The judgment of dismissal without prejudice is <u>reversed</u> and the case <u>remanded</u> for entry of judgment of dismissal without prejudice which must be done within seven days of issuance of our mandate. Our mandate shall issue forthwith.

<u>It is so ordered</u>.