# United States Court of Appeals
## For the First Circuit

No. 13-1831

UNITED STATES,

Appellee,

v.

HASAN WORTHY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Chief Judge,
Stahl and Barron, Circuit Judges.

Michael J. Sheehan, for appellant.
Renée M. Bunker, Assistant United States Attorney, with whom
Thomas E. Delahanty II, United States Attorney, was on brief, for
appellee.

November 7, 2014

**STAHL, <u>Circuit Judge</u>**.  After the indictment against him was dismissed without prejudice for a Speedy Trial Act violation, Defendant-Appellant Hasan Worthy ultimately was convicted of various offenses arising out of his participation in a drug conspiracy.  As the government conceded a breach of 18 U.S.C. § 3161(c)(1), requiring a criminal defendant to be brought to trial within seventy days of the filing of an indictment, the statutory issue on appeal is limited to whether the district court chose the appropriate remedy for the violation.  We are further asked to decide whether the district court properly determined that Worthy had not been deprived of his Sixth Amendment right to a speedy trial.  Finding no abuse of discretion on either point, we affirm.

## I.  Facts & Background

As Worthy raises solely speedy-trial claims on appeal and does not challenge the sufficiency of the evidence supporting his convictions, we recite only the procedural history of the case.

An initial criminal complaint issued against Worthy on August 6, 2010, charging him with participation in a conspiracy to possess cocaine with the intent to distribute, an offense which carries a maximum penalty of twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C).  The first indictment issued on August 17, 2010. Over the next fourteen months, the government brought four superseding indictments against him.  For the most part, the superseding indictments added new counts or additional

codefendants, though the third superseding indictment in certain counts changed the type of substance involved (from cocaine base to cocaine), and in some instances, the quantities at issue.

The parties engaged in extensive motion practice. Worthy moved to dismiss the first, second, and fourth superseding indictments, arguing that each was untimely under the provision of the Speedy Trial Act requiring an indictment to be filed within thirty days of the initial arrest. See 18 U.S.C. § 3161(b). While questioning "the need for this succession of charging documents," the district court denied the motions, finding no statutory violation.

Five days before jury empanelment was set to begin, Worthy moved to dismiss the fourth superseding indictment again, asserting — for the first time — impermissible trial delay, in violation of both the Sixth Amendment and the Speedy Trial Act's seventy-day indictment-to-trial clock.[1]   See 18 U.S.C. § 3161(c)(1). By that point, all of Worthy's codefendants already had pleaded guilty. However, because it was awaiting the presentence report of one codefendant, Dereck Berryan, the court deferred formal acceptance of Berryan's plea agreement. The clerk's office thus had automatically stopped the statutory speedy-

---

[1] By the time of this motion to dismiss the fourth superseding indictment, the original indictment as well as the other three superseding indictments had been dismissed either by consent of the parties or due to want of prosecution.

-3-

trial clock as to both Berryan and Worthy, pursuant to the exclusion under 18 U.S.C. § 3161(h)(1)(G) for "delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government." Resolution of Worthy's motion turned on whether time that was excludable from Berryan's clock under § 3161(h)(1)(G) also could be discounted from Worthy's clock, by virtue of the statutory exception of § 3161(h)(6) for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

During oral argument on Worthy's motion, the government agreed that a statutory violation had occurred, though it did not concede the constitutional issue. The district court accepted the government's stipulation but nonetheless conducted an independent analysis of whether there had in fact been a violation. The precise question before the district court, one of first impression in this Circuit, was whether Worthy still effectively was "joined for trial" with Berryan, for the purposes of § 3161(h)(6), where Berryan had pleaded guilty pursuant to a plea agreement as yet unaccepted by the court. Following the Fifth Circuit's approach in United States v. Stephens, 489 F.3d 647, 654 (5th Cir. 2007), the court answered the question in the negative, concluding that, where a codefendant's speedy-trial clock has stopped pursuant to

-4-

§ 3161(h)(1)(G), that time is not also excludable as a matter of course under § 3161(h)(6) from the clock of the defendant who has not yet entered a plea.

The court also considered whether, even if application of the exclusion of § 3161(h)(1)(G) to codefendants is not automatic, the exclusion should be applied under the particular facts of this case. The court concluded that it should not apply here. Among other reasons, the court explained that, because Berryan was charged under the third but not the fourth superseding indictment,[2] which was the only indictment that still pertained to Worthy, the two were no longer "joined for trial" for the purposes of § 3161(h)(6). With Worthy's clock still running while his codefendant awaited sentencing, his seventy-day time limit expired on February 14, 2012; by jury empanelment on July 2, 2012, seventy-seven days of impermissible delay had resulted.[3]

Applying the § 3162(a)(2) factors, the court determined that the appropriate remedy for exceeding the statutory time limit by seventy-seven days was a dismissal of the fourth superseding indictment without prejudice, as opposed to a dismissal with prejudice. The length of delay deemed relevant to Worthy's

---

[2] Berryan already had pleaded guilty by the time the fourth superseding indictment issued.

[3] As neither party has asked us to review the district court's conclusion that a violation of the Speedy Trial Act did indeed occur, we express no opinion as to the court's analysis in this regard.

constitutional claim, however, was the twenty-three-month period between the date of arrest and the date trial was scheduled to commence. Although this amount of delay was deemed presumptively prejudicial, the court held that Worthy's Sixth Amendment right to a speedy trial had not been violated, primarily due to his failure to assert his right promptly and the absence of serious prejudice to his case. See Barker v. Wingo, 407 U.S. 514, 530–33 (1972).

A new indictment followed on August 7, 2012, the sixth one in the case.[4] Worthy filed another motion to dismiss on speedy-trial grounds, in order to preserve his right to appeal from the district court's denial of his request to dismiss the fourth superseding indictment with prejudice. That motion was denied. After an eight-day jury trial, Worthy was convicted of engaging in a conspiracy to possess with intent to distribute in excess of 280 grams of cocaine base and 500 grams of cocaine; two counts of aiding and abetting possession with intent to distribute cocaine; and aiding and abetting use of a communication device to facilitate

---

[4] The district court subsequently granted Worthy's motion for immediate release from custody pursuant to 18 U.S.C. § 3164(c), which requires that the trial of any person detained under that section commence within ninety days of "the beginning of such continuous detention." The government filed an interlocutory appeal and this court reversed the district court's order. We held that "when an indictment is dismissed upon the motion of a defendant, the dismissal is without prejudice and that defendant is again detained awaiting trial, section 3164's 90-day clock restarts at the moment that the defendant is re-arrested, regardless of the nature of the charges in the new complaint." United States v. Worthy, 699 F.3d 661, 665 (1st Cir. 2012) (per curiam).

the commission of a drug distribution offense. Worthy was sentenced to a 300-month term of imprisonment on the first three counts and a 48-month term on the final count, to be served concurrently. This appeal followed.

## II. Analysis

A. <u>Speedy Trial Act</u>

The Speedy Trial Act, intended to effectuate the Sixth Amendment right to a speedy trial, obligates the government to bring a defendant to trial within seventy days of filing an information or indictment. <u>See</u> 18 U.S.C. § 3161(c)(1); <u>United States</u> v. <u>Franklin</u>, 630 F.3d 53, 57 (1st Cir. 2011). Certain periods of delay, however, are to be excluded from the seventy-day clock. 18 U.S.C. § 3161(h). If trial has not commenced within the requisite time period, "the information or the indictment shall be dismissed on motion of the defendant." <u>Id.</u> § 3162(a)(2). As both parties agree that Worthy was not timely brought to trial under the rule of § 3161(c)(1), the question on appeal is limited to whether the dismissal of the fourth superseding indictment without, rather than with, prejudice was an appropriate sanction.

The district court may elect to dismiss the charges either with or without prejudice, after "consider[ing], among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration

-7-

of [the Speedy Trial Act] and on the administration of justice." Id. The court may consider any other factors that are rationally related to the statutory objective of balancing public and private interests; in this Circuit, "we have come to describe prejudice to the defendant as the fourth factor for courts to consider." Franklin, 630 F.3d at 58 (citing United States v. Barnes, 159 F.3d 4, 16 (1st Cir. 1998)); United States v. Hastings, 847 F.2d 920, 924 (1st Cir. 1988).

We review a district court's choice of sanction for abuse of discretion, Franklin, 630 F.3d at 58, keeping in mind that that court is "best situated to assess the degree of the violation and its likely effect on the parties involved." Barnes, 159 F.3d at 16; see also United States v. Taylor, 487 U.S. 326, 335-36 (1988).

Here, the district court carefully weighed the statutory factors, in addition to the prejudice factor prescribed by this court, in determining the appropriate remedy for the impermissible trial delay. The court found that the first factor, seriousness of the offense, weighed against Worthy, given the allegations of a protracted conspiracy involving the distribution of large amounts of crack cocaine, powder cocaine, and heroin. Cf. United States v. Brown, 770 F.2d 241, 244 (1st Cir. 1985) (approving of district court's finding that "distribution and conspiracy to distribute cocaine[] are undeniably serious," weighing against dismissal with prejudice).

As for the second factor, the facts and circumstances of the case that led to dismissal, the district court noted that Worthy was to blame for some of the delay, as he had moved for certain continuances and acquiesced in others.[5] Indeed, some of Worthy's requested extensions delayed setting the case for trial. Cf. Barnes, 159 F.3d at 17 (defendant requested several continuances and did not "behave like [someone] who wanted her day in court posthaste"). Although the government's charging strategy did somewhat prolong the length of pretrial incarceration, much of that time was excludable under the statute. The period of nonexcludable delay resulted from the clerk's office's apparently erroneous speedy-trial calculations, some evidence of a lack of prosecutorial bad faith.[6] Cf. United States v. Scott, 270 F.3d 30, 58 (1st Cir. 2001) (facts and circumstances did not counsel in favor of dismissal with prejudice where delay attributable to district court error rather than governmental bad faith). The court thus determined that, "although the delay [had] been long, the facts and circumstances [did] not cry out for dismissal with prejudice," particularly where Worthy only raised the issue of

---

[5] Worthy filed eight motions for extension of time, all of which were granted. Worthy also failed to object to four government motions to extend time, which also were granted.

[6] As noted, both parties agree that the clerk's office erroneously stopped the clock as to Worthy while his codefendant who had pleaded guilty awaited sentencing. We accordingly take no position as to whether such time is excludable from the seventy-day Speedy Trial Act clock.

undue delay five days before trial and never filed a motion to sever.  Cf. Barnes, 159 F.3d at 17 (dismissal with prejudice unwarranted where "[d]efendant never raised the speedy trial claim until the last possible moment").

The district court determined that the third factor, the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice, also did not counsel in favor of dismissal with prejudice.  The court observed that, as the case had not yet proceeded to trial, the administration of justice would not be impeded by the need to carry out a retrial.  The court further reasoned that dismissal with prejudice, to be invoked only as a "last and rare resort," United States v. Dessesaure, 556 F.3d 83, 85 (1st Cir. 2009) (per curiam), was an inappropriate remedy in a case involving a narrow Speedy Trial Act issue on which this court has not yet spoken.

Finally, with regard to the fourth factor, the district court acknowledged that Worthy had been deprived of his liberty for a significant period of time while awaiting trial, but concluded that Worthy had failed to demonstrate prejudice.  Worthy had not offered evidence that witnesses had died or left the country, that documents had been destroyed, or that the delay was so long as to materially affect memories of the relevant events.[7]  Cf. id. at 86

---

[7] Worthy argued before the district court, and argues here, that his inability to locate a witness, Timothy Vokey, who had testified at his detention hearing, caused him prejudice.  Vokey

("Ordinarily, the strongest argument against re-prosecution is prejudice to the defendant — most importantly, loss of witnesses or other impediments to obtaining a fair trial at a later date."). The court also rejected Worthy's argument that he had been prejudiced because some of his codefendants had been persuaded to testify against him during the period of delay. The court reasoned, "If they testify truthfully, it is not cognizable prejudice. If they testify untruthfully, that is a matter for cross-examination and impeachment." Cf. United States v. Trueber, 238 F.3d 79, 91 (1st Cir. 2001) (in constitutional speedy-trial analysis, "mere possibility that the government's case may get stronger with time is not sufficient" to establish prejudice). At least in the absence of a showing of prosecutorial bad faith, we agree. Thus, in light of these considerations, the district court decided that dismissal without prejudice was the appropriate remedy for the Speedy Trial Act violation.

The court's methodical application of the relevant factors was consistent with established Circuit precedent. Worthy argues on appeal that dismissal with prejudice is warranted as a "severe reminder" of the consequences of contravening the Speedy Trial Act. However, "[d]ismissal without prejudice is not a

---

had testified that he had never known Worthy to use or possess drugs, even though Worthy's attorney conceded that Worthy had recently used drugs. The district court appropriately found that, under the circumstances, Vokey's unknown location, without more, was "not a sufficient proffer of prejudice."

toothless sanction," and itself imposes considerable costs on the government; the other factors of § 3162(a)(2) would be redundant if deterrence were the overriding consideration in choosing the appropriate remedy. Taylor, 487 U.S. at 342; Barnes, 159 F.3d at 17-18. We are similarly unpersuaded by Worthy's contention that delay occasioned by the government should weigh strongly in favor of dismissal with prejudice. Worthy grounds this argument in the government's charging strategy, which resulted primarily in delay that was excludable under the Speedy Trial Act and therefore was not among the "facts and circumstances of the case which led to dismissal." § 3162(a)(2) (emphasis added). In any event, the district court considered the delay caused by the government, and appropriately discounted it by the seriousness of the offense, Worthy's own responsibility for the delay, and lack of prejudice. Accordingly, the court did not abuse its discretion.[8]

---

[8] We also reject Worthy's argument, raised by defense counsel at oral argument, that the seriousness of the offense does not merit much weight in the analysis, since all federal crimes are inherently serious. Not all federal crimes are created equal; penalties vary considerably. Compare 18 U.S.C. § 1708 (theft or receipt of stolen mail subject to maximum penalty of five years), with 18 U.S.C. §§ 1111, 1512 (murder with intent to prevent witness from testifying subject to maximum penalty of death or life imprisonment). We have consistently held that, "[b]y their very nature, drugs-for-profit offenses are extremely serious." United States v. Hastings, 847 F.2d 920, 925 (1st Cir. 1988). Indeed, conspiracy to possess with intent to distribute in excess of 280 grams of cocaine base, one of the offenses of which Worthy was convicted, carries a maximum penalty of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii).

B.  Sixth Amendment

Worthy also argues that he was deprived of his Sixth Amendment right to a speedy trial, and that the district court erred in concluding otherwise.  A court evaluating a constitutional speedy-trial claim must weigh the following factors: "(1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant resulting from the delay."  United States v. Dowdell, 595 F.3d 50, 60 (1st Cir. 2010) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).  We review a district court's decision in this regard for abuse of discretion.  United States v. Souza, 749 F.3d 74, 81 (1st Cir. 2014).

The constitutional right to a speedy trial "attaches upon arrest or indictment, whichever occurs first."  United States v. Muñoz-Amado, 182 F.3d 57, 61 (1st Cir. 1999).  Here, the right attached on August 6, 2010, the date of arrest.  Because trial originally was scheduled for July, 2012, the district court determined that the twenty-three-month period constituted presumptively prejudicial delay.[9]  See Souza, 749 F.3d at 81 ("Generally, delay becomes prejudicial around the one-year mark." (citing Doggett v. United States, 505 U.S. 647, 652 n.1 (1992))).  Worthy's threshold showing of delay was thus sufficient to "trigger

---

[9] Although jury empanelment took place on July 2, 2012, the trial itself did not commence until October 29, 2012.

speedy trial analysis," Trueber, 238 F.3d at 87, and the district court considered the other three factors in turn.

The district court assessed the primary reasons for the delay — the second factor and "focal inquiry," United States v. Santiago-Becerril, 130 F.3d 11, 22 (1st Cir. 1997) — as "the number of defendants, the multiplicity of motions and events . . . , and the complexity of the case." Cf. Barker, 407 U.S. at 531 (longer delay can be tolerated in cases involving complex conspiracy charges); United States v. Casas, 425 F.3d 23, 33–34 (1st Cir. 2005) (in multi-defendant drug conspiracy case, "reasons for delay" factor weighed against defendants where delay was attributable to extensive pretrial motion practice). Worthy himself was responsible for many of the pretrial motions. Cf. Muñoz-Amado, 182 F.3d at 62 (noting role of defendant's motions in extending trial delay). The court also observed that the ensuing delay during the pendency of codefendants' plea agreements resulted not from prosecutorial bad faith, but from the procedures of the clerk's office. Cf. Trueber, 238 F.3d at 89 ("There is no showing of 'bad faith' or 'dilatory purpose' on the part of the government . . . . On the contrary, this delay is attributable to the district court clerk's office."). Thus, the second factor weighed against Worthy.[10]

_____

[10] Worthy argues on appeal that the government's strategy of bringing successive indictments itself betrays a dilatory and venal purpose. However, "superseding indictments setting forth new

-14-

The district court determined that the third factor, the defendant's assertion of the right, also cut against Worthy. Although Worthy previously had challenged the timeliness of the indictments under the Speedy Trial Act, he first raised the claim of excessive trial delay at the eleventh hour. Cf. United States v. Henson, 945 F.2d 430, 438 (1st Cir. 1991) (defendant did not demonstrate "adequate alacrity in asserting a request for a speedy trial," revealing a "lack of enthusiasm for the [speedy trial] right which [he] now assert[s]" (alteration in original) (internal quotation marks omitted)).

Finally, the district court echoed its earlier statutory analysis of prejudice, reiterating that prejudice in Worthy's case was limited to pretrial incarceration. The court noted that Worthy had been incarcerated for just under twenty-three months when he filed the motion to dismiss, an amount of time not materially longer than the nineteen-month period of pretrial incarceration that we have held "insufficient [by itself] to establish a constitutional level of prejudice."[11] Muñoz-Amado, 182 F.3d at 63.

---

charges or adding new defendants are familiar fare," United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001); as the district court found, all the indictments in this case added either additional codefendants or new charges. "We refuse to find bad faith from a record barren of indications that any in fact existed." United States v. Colombo, 852 F.2d 19, 25 (1st Cir. 1988).

[11] As noted, by the time trial actually commenced, the delay since the date of arrest totaled nearly twenty-seven months. See supra note 9. This four-month differential does not meaningfully alter the constitutional analysis.

The court did not identify any "undue pressures," above and beyond the "considerable anxiety [that] normally attends the initiation and pendency of criminal charges," as are necessary to show prejudice.  United States v. Maxwell, 351 F.3d 35, 41 (1st Cir. 2003) (internal quotation marks omitted).

We agree with the district court's analysis.  Although Worthy experienced presumptively prejudicial trial delay,[12] "other counterbalancing factors outweigh this deficiency and prevent constitutional error."  Casas, 425 F.3d at 34.  There was no abuse of discretion, particularly in light of the complexity of the case, Worthy's own responsibility for and acquiescence in the delay, and the absence of any cognizable prejudice.

### III.  Conclusion

For the foregoing reasons, Worthy's convictions are AFFIRMED.

---

[12] Worthy appears eligible to receive credit for time spent incarcerated while awaiting trial pursuant to 18 U.S.C. § 3585(b).