HAR.TZ, Circuit Judge,
concurring:
I agree that we must reverse because the district court committed legal error in assessing the seriousness of the charged crime and in not considering the culpability of Defendant in acceding to, and even encouraging, the delays in the case. I write separately to point out two additional errors by the district court: (1) its consideration of factors that did not delay the trial (or at least the court’s analysis did not point to such delay) and (2) its assumption that Defendant was prejudiced by the delay without requiring any showing of prejudice.
On the first point, the majority opinion relies on the language of the Speedy Trial Act that instructs a court deciding whether to dismiss with prejudice that it should consider “the facts and circumstances of the case which led to the dismissal.” 18 U.S.C. § 3162(a)(2). But we have repeatedly read that language as requiring courts to “focus on the culpability of the conduct that led to the delay.” United States v. Cano-Silva, 402 F.3d 1031, 1036 (10th Cir.2005) (emphasis added); accord United States v. Toombs, 713 F.3d 1273, 1280 (10th Cir.2013); United States v. Rushin, 642 F.3d 1299, 1313 (10th Cir.2011); United States v. Williams, 576 F.3d 1149, 1158 (10th Cir.2009); United States v. Jones, 213 F.3d 1253, 1257 (10th Cir.2000); United States v. Saltzman, 984 F.2d 1087, 1093 (10th Cir.1993); see also United States v. Williams, 314 F.3d 552, 559 (11th Cir.2002) (“In addressing the facts and circumstances leading to the speedy-indictment violation [under the Speedy-Trial Act], we focus on the culpability of the delay-producing conduct.” (internal quotation marks omitted)). It is hard for me to imagine that Congress intended to authorize dismissal with prejudice because of government (or court) errors under the Speedy Trial Act that do not delay trial; dismissal without prejudice will suffice to' deter such violations.
One repeated government error was the failure of the prosecution to prepare proper ends-of-justice orders to support continuances already granted by the district *1288 court. These failings show baffling incompetence. But I see no explanation of how they delayed the trial. The decision to delay had already been made. The trial would not have occurred sooner if the prosecution had honored the court’s request and prepared proper orders.
Two other prosecution errors that the district court did not tie to trial delay were “basting] the superseding indictment in substantial part on attorney-client privileged information” and “illegally planning and conducting impermissible ex-parte interviews with Defendant” before he was indicted. R., Vol. 1 at 70 (Dist. Ct. opinion at 13). To the extent that this conduct was improper, other sanctions are appropriate. But as we have said, “The dismissal provisions of the Speedy Trial Act ... may not be used to remedy [violations of other laws].” United States v. Saltzman, 984 F.2d 1087, 1093 (10th Cir.1993) (government had failed to conform to requirements of Bail Reform Act); see United States v. Hastings, 847 F.2d 920, 927-28 (1st Cir.1988) (“To take punitive action addressed to misconduct causally unrelated to any actual speedy trial infraction would be tantamount to sanctioning dismissal of cases for prosecutorial misconduct. ... This ... is a road which we believe to be closed on this appeal because the Speedy Trial Act, as we interpret it, demands a causal nexus between misconduct and trial delay in order to justify reliance on the former in barring reprose-cution.”). Perhaps the above alleged misconduct by the prosecutor delayed the trial in some way, but the district court did not explain the causal connection. And on remand if it does explain the connection, the focus must be on the proceedings required to address the misconduct, not on the gravity of the misconduct itself.
I now turn to the district court’s legal error in assessing prejudice. Yes, prejudice is more likely as the delay grows. The defendant can be prejudiced by having charges hanging over him, making return to normal life impossible. Or there may be restrictions on the defendant’s freedom, from either incarceration or conditions of release. But the most important form of prejudice is prejudice to defending against the charges. See United States v. Larson, 627 F.3d 1198, 1210 (10th Cir.2010) (addressing constitutional right to speedy trial); United States v. Dessesaure, 556 F.3d 83, 86 (1st Cir.2009). And the defendant must show specific prejudice in this regard. Generalized concern about lost evidence or faded memories does not suffice. After all, what has been lost may have been incriminating, so the delay benefited the defendant. As we said in United States v. Abdush-Shakur, 465 F.3d 458, 464 (10th Cir.2006): “[The defendant] claims a witness to the attack ... could not be found, but that bald allegation is insufficient to establish prejudice.... There is no evidence the defendant lost a crucial witness because of the delay, nor did he offer any evidence as to how the absence of this witness testimony prejudiced his case.” (ellipsis and internal quotation marks omitted). And in United States v. Jones, 213 F.3d 1253, 1258 (10th Cir.2000), we upheld the dismissal without prejudice even if there had been 414 non-excludable days of delay, in part because of the defendant’s “inability to demonstrate prejudice.” We wrote that “[the] witness [that the defendant] claims to be unable to find would be a minor witness, and [he] has not shown how her testimony would have been at all helpful to him.” Id.; cf. United States v. Trammell, 133 F.3d 1343, 1351 (10th Cir.1998) (in rejecting a due-process claim based on preindictment delay, during which two witnesses had died, we explained, “Vague and conclu-sory allegations of prejudice resulting from the passage of time and the absence of witnesses are insufficient to constitute a *1289 showing of actual prejudice. Defendant must show definite not speculative prejudice, and in what specific manner missing witnesses would have aided the defense.”).
This is not to deny that delay in itself may be so long as to justify dismissal with prejudice for violation of the Speedy Trial Act. See United States v. Stayton, 791 F.2d 17, 21-22 (2nd Cir.1986). But we should not confuse that proposition — which requires no showing of prejudice — with the incorrect proposition that prejudice to a defendant’s defense can be inferred merely from loss of evidence.